317 P.2d 550

COCONINO PULP AND PAPER COMPANY, a corporation, Appellant,

v.

O. F. MARVIN d.b.a. Mardun Electric Company, Appellee.

No. 6246.

Supreme Court of Arizona.

Oct. 29, 1957.

Snell & Wilmer, Phoenix, for appellant.
T. M. Flick, Flagstaff, for appellee.

GIBBONS, Superior Court Judge.

The assignments of error, briefly stated, are that the trial court abused its discretion in refusing to grant defendant's application for a continuance of the hearing on a motion to vacate the default of defendant and set aside default judgment and in denying the motion to vacate.

Appellee O. F. Marvin, d.b.a. Mardun Electric Company, as plaintiff, brought an action in the superior court seeking judgment in excess of $4,000 for labor and materials furnished to defendant-appellant, Coconino Pulp and Paper Company. Process was regularly issued and service made on defendant October 18, 1955, and soon thereafter the summons and complaint were referred to its attorneys. On November 8th, no appearance having been made by defendant, plaintiff caused default to be entered and judgment rendered against defendant for the full amount prayed for in both causes of action of the complaint. On November 17th defendant filed a motion to set aside the default and judgment on the ground of mistake, inadvertence and excusable neglect, supported by affidavits of Mary Stively, secretary, and Wilbert G. Anderson, an associate of the law firm of Snell & Wilmer. Defendant also tendered a proposed answer and counterclaim verified by its president. The answer set forth a meritorious defense and the counterclaim prayed for damages in the sum of $5,000 for alleged defalcation of the plaintiff in the performance of his part of the contract upon which the complaint was based.

The further undisputed facts in this case, as shown by the record and established by the affidavits filed in support of defendant's motion to set aside the judgment, are that the law firm of Snell & Wilmer was employed to defend this lawsuit. It is well known that this is a sizable firm with several associates which handles extensive litigation. This firm employed a secretary whose duties were to prepare and distribute to the respective attorneys calendar sheets for the purpose of reminding such attorneys of the necessity of preparing and filing pleadings. Attorney Wilbert G. Anderson was the associate in the firm in charge of the defense of the litigation involved herein. This attorney did not receive the calendar sheet advising him when an answer was due nor was he otherwise advised. Not having been thus reminded, he did not personally remember the time within which the answer should be filed until approximately one week subsequent thereto. He immediately sought from opposing counsel a reasonable time to make his appearance and was advised the default judgment had been entered. Immediately thereafter the present motion to set aside the judgment was filed as aforesaid and thereafter denied.

Defendant claims the court erred for the reason it affirmatively appears that the failure to answer the complaint within the

prescribed time resulted from the excusable neglect of its attorney and that it affirmatively appears the defendant has a meritorious defense to the action. The question thus presented is whether the undisputed facts show that the attorney for defendant was excusably neglectful in failing to answer within the statutory period and whether it affirmatively appears that defendant has a meritorious defense.

In determining whether a defendant should be relieved of a default judgment the court must be guided by equitable principles. These principles require that a defendant be given a fair opportunity to litigate a disputed obligation and also require that a plaintiff, who has, according to regular and legal proceedings, secured a judgment be protected against a violation of the rule which requires the sanctity and security of a valid judgment. When the circumstances are such that it would be extremely unjust to enforce such a judgment, relief will be granted to the extent of allowing defendant a fair opportunity to present the matter on its merits. In recognition of these principles Rule 60(c), Rules of Civil Procedure, 16 A.R.S., provides that when a judgment is taken against one by reason of his mistake, inadvertence, surprise or excusable neglect, relief may be granted therefrom upon such terms as are just. If a judgment is acquired because of a party's mere neglect, inadvertence or forgetfulness without any reasonable excuse therefor,

the judgment will not be disturbed and the neglecting party must suffer the consequences. The general test of what is excusable is whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under the same circumstances. Elms v. Elms, 72 Cal.App.2d 508, 164 P.2d 936.

The correctness of the trial court's ruling in refusing to set aside the judgment must be determined by deciding whether under the foregoing circumstances the neglect of the attorney in passing for one week the allotted time for appearance is excusable. Generally the neglect of an attorney is attributable to the client and if the omission be that of the attorney and not the client and the attorney's neglect is legally excusable, the client may obtain relief from a judgment secured by such neglect. Collister v. Inter-State Fidelity Building & Loan Association, 44 Ariz. 427, 38 P.2d 626, 98 A.L.R. 1020

It seems to us that in a large law firm, with many lawsuits in the various courts, the problem of determining the respective times within which appearances must be made is one that reasonably requires the services of a secretary whose duty it is to keep informed as to the status of all litigation and in turn remind the attorneys of the condition of the calendar with respect to the cases being handled by them. Such a system is conducive to efficiency and the

elimination of mistakes and oversights. When the conditions warrant the operation of this system, absent some showing of inefficiency or undependability of the secretary, the attorneys should be justified in assuming that they will be properly informed concerning the status of their cases. Any reasonable person under such circumstances would place reliance upon the proper performance of the services of such a secretary. If through some inadvertent clerical error the lawyer is not informed, his conduct resulting therefrom we believe is excusable.

 Generally the ruling of the trial court on a motion of this character will not be disturbed, for the reason that it is a matter within the discretion of the trial court when there is a basis for such discretion, but if the undisputed facts and circumstances as shown in this case require a contrary ruling as a matter of law this court will reverse. Lynch v. Arizona Enterprise Mining Co., 20 Ariz. 250, 179 P. 956; Bowman v. Hall, 83 Ariz. ——, 316 P.2d 484.

Plaintiff contends that defendant made no proper showing of a meritorious defense for the reason there was no affidavit of merit. The proposed answer and counterclaim were verified by the president of the defendant corporation. This we hold was an adequate showing of a meritorious defense. 29 Cal.Jur.2d, Sec. 142, page 80.

Since we are ruling that the default judgment should be set aside, it becomes unnecessary to pass upon the question of whether the court should have granted a continuance on the motion to set the same aside.

Reversed with instruction to set aside the default judgment.

UDALL, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concur.

JOHNSON, J., did not participate in the determination of this matter.

NOTE. The late Justice LA PRADE was ill when this case was orally argued and the Honorable J. SMITH GIBBONS, Judge of the Superior Court of Apache County, was called to sit in his stead.