385 P.2d 234

**SCHERING CORPORATION et al.,**
**Appellant,**

v.

**Philip COTLOW, Appellee.**

**No. 7061.**

Supreme Court of Arizona.

En Banc.

Sept. 18, 1963.

May & Dees, and Robert O. Lesher, Tucson, for appellant.

Merchant, Parkman, Miller & Pitt, Tucson, for appellee.

JENNINGS, Justice.

Appellant Schering Corporation was one of a number of defendants in an action for damages allegedly resulting from the plaintiffs taking one of the drugs manufactured by the corporation. Schering, a New Jersey corporation, manufactures "ethical drugs." The company was not qualified to do business in Arizona and had no statutory or other agent appointed to receive service

of process. It employed three sales representatives in Arizona, one of whom, Dean R. Vaterlaus, worked out of Tucson. On August 8, 1959, appellee attempted service on Schering by personal service on Vaterlaus. No other service on Schering was made or attempted. Schering did not file an answer or any other pleading within twenty days and default judgment for $45,000 was entered against it on September 1, 1959. On September 17, 1959 the company moved to set aside the default and judgment, to quash service of process on it, and to dismiss the complaint. The court denied these motions and Schering appealed.

Schering assigns as error the trial court's denial of its motion to quash service of process, and argues that service was attempted on a person not authorized to receive process for Schering. It does not contest the ruling of the lower court that its activities in Arizona make it subject to personal jurisdiction as to a cause of action arising within the state.

■ Service was attempted under Arizona Rule of Civil Procedure 4(d)6, 16 A. R.S. which provides:

"Service shall be made as follows:
* * * * * *

"6. Upon a domestic or foreign corporation or upon a partnership * * * by delivering a copy of the summons and of the complaint to a partner, an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *."

The court did not have jurisdiction of appellant unless proper service of process was made pursuant to this rule. De Claire Mink Ranches v. Federal Foods, Inc., D.C., 192 F.Supp. 148 (1961). The main question on this appeal is whether Vaterlaus is a "managing or general agent" of Schering for service of process.

This court has twice considered the application of the statutory predecessor to Rule 4(d)6. In Arizona Mutual Auto Ins. Co. v. Bisbee Auto Co., 22 Ariz. 376, 197 P. 980 (1921), the court, construed § 442 Ariz. Rev.Stat. (1913), which provided for notice to a foreign corporation by service "upon the local agent representing such company," and held that one employed by an insurance company to solicit applications for insurance and to collect premiums therefor was a local agent for service of process. The court reasoned that one who represented the corporation in the promotion of the business for which it was incorporated was an agent for service of process.

In Reed v. Real Detective Publishing Co., 63 Ariz. 294, 162 P.2d 133 (1945), this court construed § 21-313 Ariz. Code (1939), which provided for notice to a foreign corporation by service upon its "local agent." It was held that one not employed by the foreign corporation, but who purchased goods from

the corporation on consignment for sale to customers on his own account was not a local agent unless he was in a position to bind the corporation in some business transaction.

Since the decision of those cases, the rule for securing personal jurisdiction of a foreign corporation by service upon a "managing or general agent" has been adopted. Appellant argues a person is a "managing or general agent" only if he has general powers to exercise judgment and discretion in corporate matters.[1] But Rule 4(d)6 was intended to allow a greater range of service on foreign corporations than would be permitted by such an interpretation. The purpose of the rules is to allow an aggrieved party to bring a foreign corporation before the court as well as to protect the corporation from default judgments. Eclipse Fuel Engineering Co. v. Superior Court, 148 Cal.App.2d 736, 307 P. 2d 739 (1957).[2] Every object of the rule is served when the agent is of such character and rank so that it is reasonably certain the defendant will receive actual notice of the service of process. Cosper v. Smith & Wesson Arms Co., 53 Cal.2d 77, 346 P.2d 409 (1959). See International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). And Arizona Mutual Auto Ins. Co. v. Bisbee Auto Co., supra, shows that the rules are to be liberally construed as to service of process on foreign corporations.

The scope and nature of Vaterlaus' duties in the instant case are not disputed. He is a Professional Sales Representative or "detail man" for Schering in southern Arizona and part of New Mexico. Two similar representatives work out of Phoenix. Vaterlaus' immediate superior is the division sales manager in California. Vaterlaus solicits orders from druggists, drug wholesalers and hospitals for acceptance by the home office, and visits physicians in order to encourage them to specify Schering drugs. He "details" the physicians on dosage and effect of drugs manufactured by Schering and distributes drug samples to them. Vaterlaus handles all normal sales functions in his territory. When any situation arises which is not provided for in the sales manual he confers with the division sales manager in California. Schering reimburses Vaterlaus for business expenses

---

1. In support of this proposition appellant cites City of Tucson v. Koerber, 82 Ariz. 347, 313 P.2d 411 (1957), which involved the construction of "managing agent" as used in Arizona Rule of Civil Procedure 43(g). That case is not applicable here as the criteria under Rule 43(g) involve different considerations than do the criteria for valid service of process. Newark Ins. Co. v. Sartain, D.C., 20 F.R.D. 583 (1957).

2. The method of obtaining personal out-of-state service of a corporation was changed after this cause of action arose by the adoption of amended Rule 4(e)2.

and furnishes him an automobile. He has no office, but does paperwork in his Tucson home. This paperwork includes daily and monthly reports of calls and orders to the division sales manager. Vaterlaus handles no money for Schering. He takes druggists' applications for credit accounts after discussing Schering's minimum purchase requirements, but does not recommend acceptance or rejection. He is required to make initial investigations of reported Fair Trade violations and is admonished to exercise discretion and judgment in handling such reports. He is further directed to use "common sense" in handling complaints and to report them promptly. These responsibilities on the shoulders of Vaterlaus show that his position is such as to bind Schering in some of its business transactions.

The relation between Vaterlaus and the defendant corporation was substantial. He handled all of the normal sales functions for Schering within a large territory, and was in communication with the division sales office daily. He was of sufficient character and rank to make it reasonably certain that the defendant would receive actual notice of the service made.

■ Appellant's second assignment of error is that the court abused its discretion in refusing to set aside the default and judgment. In order for a default judgment to be set aside, the party in default must show (1) that the reason for his failure to answer within the time required by law was by virtue of excusable neglect, and (2) that he had a meritorious defense. Hendrie Buick Co. v. Mack, 88 Ariz. 248, 355 P.2d 892 (1960). The trial court refused to set aside the default on the grounds that appellant's neglect was not excusable and that its affidavits failed to state a meritorious defense to appellee's allegations of negligence and breach of warranty.

The summons and complaint were served on Vaterlaus on Saturday, August 8, 1959. He tried to telephone his superior, Fretz, in California but was unable to reach him until the following Monday. At that time, Fretz instructed Vaterlaus to hold the papers until he, Fretz, came to Arizona the following Thursday, August 13.[3] The sum-

3. Vaterlaus' deposition stated:
"Q And on the following Monday I take it you contacted Fretz, is that right?
"A Yes, sir.
"Q And could you give us the substance of the conversation that you had with Fretz in connection with this summons and complaint?
"A I may say before I say that that I attempted to contact him by telephone both Saturday and Sunday without suc-

cess, and it was Monday morning before I was able to contact him. I told him, that—I described the lawsuit as best I could and the details of it and asked him what I should do, and whether I should not appear in behalf of Schering or not. He said that I should not appear that I should—I had no authority to take any action for Schering, that he had intended to come here during that week as a routine visit and that he would—for me to

mons and complaint reached appellant's assistant general counsel in New Jersey on August 19—9 days before the answer was due. Judgment was entered on the default September 1, and on September 2 the summons and complaint reached local counsel, who moved to set aside default judgment on September 17.

Whether a sufficient showing of excusable neglect has been made is within the sound discretion of the trial court and will not be disturbed on appeal unless there has been an abuse thereof. Thomas v. Goettl Bros. Metal Products, Inc., 76 Ariz. 54, 258 P.2d 816 (1953). In denying the motion to set aside the default, the lower court stated:

> "It appears to this court that the defendant Schering Corporation has not given the service of process in this case the consideration which ordinarily prudent business persons would have. Only Vaterlaus seems to have been impressed of any urgency whatsoever in connection with this service. * * * The record indicates no good reason why this service was not brought to the attention of local counsel until after default judgment had been taken."

Appellant's only explanations of why action was not taken during the nine days the summons was in the hands of assistant general counsel are that New Jersey is a long way from Arizona and the summons could be interpreted as giving the company thirty rather than twenty days to answer because the company is an out-of-state corporation.[4] As for the first argument, this court can take judicial notice of the invention of the telephone. If assistant general counsel had been at all impressed with the suit, he had ample time to answer or to test the validity of the service by appropriate motion. Service of process is not usually made on counsel for a defendant and the lawyers are legion who have had a client hand them a summons and complaint with only a few days left to respond.

As for the second argument the summons states:

> " * * * or within thirty days, exclusive of the day of service, if *served* without the State of Arizona * * *."
> (Emphasis supplied.)

It is clear from this language that the place of service, not the domicile of the defendant, is controlling. We are of the opinion that the trial judge did not abuse his dis-

---

hold the material that I had, that is the summons, until he came here which was to be the following Thursday and he would evaluate it with me at that time."

4. Appellant relies in part on the legal advice of Vaterlaus that the company had

thirty days to answer. Appellant does not attempt to square this reliance with its argument that Vaterlaus was nothing but a travelling salesman.

cretion in finding that there was no sufficient showing of excusable neglect.

In view of our holding as to excusable neglect we do not reach the question of whether the company had a meritorious defense. A condition precedent to the court considering a meritorious defense is a showing of excusable neglect.

Judgment affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.