385 P.2d 208

**John BATEMAN, Appellant,**

**v.**

**Chester W. McDONALD, Appellee.**

**No. 7404.**

Supreme Court of Arizona.

In Division.

Sept. 18, 1963.

**328**

Minne & Sorenson, Phoenix, for appellant

Rawlins, Ellis, Burrus & Kiewit, Phoenix, for appellee.

LOCKWOOD, Justice.

John Bateman, the plaintiff below, appeals from an order of the Maricopa County Superior Court granting defendant Chester McDonald's motion to set aside a default judgment.

Appellant filed a complaint against appellee on December 7, 1960. A short time after he had been served, appellee and Clarence Sparks (also a defendant in the action below, but not a party to this appeal) went to the office of appellant's attorney. Sparks and the appellee filed affidavits setting forth the following facts concerning this meeting: The attorney advised Sparks to obtain legal counsel, but appellee stated that he personally had no need for an attorney because he had been named by mistake in the suit and therefore would represent himself. Appellant's attorney made no response to appellee's statement; he neither advised appellee that an answer would still be expected nor did he mention that he would enter a default judgment if an answer were not filed. The remainder of the discussion pertained solely to the liability of Sparks; no direct reference was made to the liability of appellee according to the affidavits of Sparks and appellee.

In his affidavit, appellee stated that he had the impression from the conduct of appellant's attorney that the attorney recognized appellee had been named by mistake; that no attempt would be made to hold appellee liable in the action; and that appellee would be informed if the attorney changed his mind. In an affidavit filed by appellant's attorney the latter stated that he had advised appellee to secure an attorney.

When appellee failed to answer or appear, a default was taken against him by appellant's attorney on January 4, 1961. Judgment was then entered for appellant. On April 13, 1961, appellee first learned a default judgment had been entered against him when the Sheriff of Maricopa County seized certain of his property under a writ of execution. On April 28, 1961, only 15 days after the seizure, but 114 days after the entry of the default judgment, appellee filed a motion to set aside the default judgment. The trial judge granted this motion.

Appellant now contends that the lapse of 114 days between the judgment and the motion by appellee was unreasonable under Rule 60(c) of the Arizona Rules of Civil Procedure, 16 A.R.S. He claims the trial judge erred in setting aside the default judgment because appellee offered no sufficient excuse for failing to appear within the prescribed time.

■ The first issue is whether the order setting aside the default judgment is appeal-

able. This court has never before ruled on this exact question. Appellee contends that the ruling in Overson v. Martin, 90 Ariz. 151, 367 P.2d 203 (1961) is applicable. But that case dealt with an order setting aside an entry of default only, no judgment having been rendered. The statute governing appeals is A.R.S. § 12–2101. It provides:

"A. An appeal may be taken to the supreme court from the superior court in the instances specified in this section.

\*     \*     \*     \*     \*     \*

"C. From any special order made after final judgment. \* \* \*"

Appellant urges that the order setting aside a default judgment is a "special order made after final judgment." In determining this question, cases from California and Minnesota are persuasive, particularly because our statute was adopted in part from those jurisdictions. State v. McDonald, 88 Ariz. 1, 352 P.2d 343 (1960). A long line of California cases holds that orders setting aside default judgments are appealable under the statute as being orders made after judgment. Stegge v. Wilkerson, 189 Cal. App.2d 1, 10 Cal.Rptr. 867 (1961); Himmel v. City Council of Burlingame, 169 Cal. App.2d 97, 336 P.2d 996 (App.Div.1959). A Minnesota case, Peterson v. W. Davis & Sons, 216 Minn. 60, 11 N.W.2d 800 (1943), further held that an order permitting defendants to answer after entry of a default judgment against them was appealable.

And the Supreme Court of Montana, construing a statute identical with our own has held:

"The statute plainly authorizes an appeal 'from any special order made after final judgment.' \* \* \* An order setting aside or refusing to vacate a default judgment is a special order made after final judgment within the meaning of the statute." State ex rel. Deck v. District Court, 64 Mont. 110, 207 P. 1004, 1005 (1922).

We hold that such an order is appealable as a "special order made after final judgment."

■■ We now turn our attention to the second issue: whether the trial judge abused his discretion in setting aside the default judgment in this case. Under Rule 55(c) and Rule 60(c) of the Arizona Rules of Civil Procedure, a default judgment may be set aside under certain conditions and circumstances within the discretion of the trial judge. In this determination the court is guided by certain equitable principles. One is that the defendant should be allowed to defend the matter on its merits when the circumstances are such that it would be extremely unjust to enforce such a judgment. Coconino Pulp and Paper Co. v. Marvin, 83 Ariz. 117, 317 P.2d 550 (1957). When the defendant claims the default judgment was taken against him through his mistake, in

**330**

advertence, surprise or excusable neglect, the general test is whether his conduct might be the act of a reasonably prudent person under the same circumstances. Coconino Pulp and Paper Co. v. Marvin, supra.

 According to Rule 60(c), the motion of the defendant must be made within a reasonable time, but in no case exceeding six months after judgment. Appellee's motion to set aside the default judgment was made 114 days after its entry, which was within the six-month period. Appellant contends this was not within a reasonable time. We find, however, that there was sufficient evidence in the record from which the judge could conclude that a reasonable time had not expired. According to appellee's affidavit, he had no notice that a default judgment had been taken against him until fifteen days before filing his motion. Appellee further states in his affidavit that he did nothing about the case after his talk with plaintiff's attorney, having been satisfied that plaintiff's attorney now realized that appellee had been named a defendant by mistake. His affidavit also set forth, in compliance with Rule 60(c), a meritorious defense which, if possible, should be litigated on its merits. Considering the facts in a light most favorable to sustaining the trial court's order, we find that there was sufficient evidence to support setting aside the default judgment and that the trial judge did not abuse his discretion. Hendrie Buick

Co. v. Mack, 88 Ariz. 248, 355 P.2d 892 (1960).

Judgment affirmed.

BERNSTEIN, C. J., and JENNINGS, J., concur.