396 P.2d 251

Harland D. GRAY and Christy L. Gray, his wife, Appellants,

v.

Dale L. DILLON, Sr., and Helen M. Dillon, his wife, Appellees,

No. 7390.

Supreme Court of Arizona.

In Division.

Oct. 29, 1964.

Baumann & Rosengren, Scottsdale, and Jack C. Cavness, Phoenix, for appellants.

D. Kelly Turner, Scottsdale, for appellees.

BERNSTEIN, Justice.

Harland J. Gray, plaintiff below and appellant here, filed a civil action against Dale L. Dillon, Sr., defendant below and appellee here, in Maricopa County Superior Court. Dillon was personally served with process on May 26, 1961. On June 19, 1961, Gray's attorney filed an affidavit of Default and Non-Military Service, and a default was filed by the clerk on the same date. A default judgment and decree was signed in the lower court after a hearing on June 22, 1961.

Dillon was in fact on active duty with the Arizona Air National Guard. He could, however, secure leave at proper times which did not conflict with his military duties to look after his personal legal affairs, and did so. He discovered, however, that his regular counsel was out of town, and that it was necessary for him to secure new counsel. On June 21, 1961, Dillon's new attorney filed Dillon's Motion to Set Aside Entry of Default under Rule 55(c), Rules of Civil Procedure, 16 A.R.S., and an answer to the complaint on the merits. The motion was accompanied by the required affidavit setting forth facts upon which defendant based his claim of excusable neglect and incorporated by reference the answer to the complaint which set forth facts on which defendant based his claim of a meritorious defense. The motion to set aside the entry of default was granted on July 13, 1961, by Judge Stanford. Appellant contends there was no reasonable grounds to set aside the default and therefore it was an abuse of discretion for the trial court to set aside the entry of default. Plaintiff thereupon appealed to this court.

It is not contended by appellee that the Soldiers' and Sailors' Civil Relief Act, 50 App. U.S.C.A. 520 et seq., required Judge Stanford to set aside the default previously entered in this case. Appellee contends only that it was not an abuse of discretion, under Arizona Law, specifically Rule 55(c), Rules of Civil Procedure[1] for the trial court to set aside the default under the circumstances of this case.

It is well settled that the granting of motions under Rule 55(c) on the ground of excusable neglect is within the sound discretion of the trial court. Schering Corporation v. Cotlow, 94 Ariz. 365, 385 P.2d 234; Bateman v. McDonald, 94 Ariz. 327, 385 P.2d 208; Overson v. Martin, 90

---

1. 55(c) Setting aside default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60 (c).

Ariz. 9, 363 P.2d 604; Coconino Pulp and Paper Company v. Marvin, 83 Ariz. 117, 317 P.2d 550; Thomas v. Goettl Bros. Metal Products, Inc., 76 Ariz. 54, 258 P.2d 816; Marsh v. Riskas, 73 Ariz. 7, 236 P.2d 746; Lynch v. Arizona Enterprise Mining Co., 20 Ariz. 250, 179 P. 956; Dowdy v. Calvi, 14 Ariz. 148, 125 P. 873.

In Doudy we quoted with approval from Watson v. San Francisco & H. B. R. R. Co., 41 Cal. 17, 20, where the court said:

" 'The exercise of the discretion ought to tend, in a reasonable degree at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better as a general rule that the doubt should be resolved in favor of the application.' " 14 Ariz. 148, 159, 125 P. 873, 878.

 The standard to be applied in judging the defaulting defendant's conduct is whether his conduct might be the act of a reasonably prudent person under the same circumstances. Coconino, supra, and Bateman, supra. Considering that the defaulting defendant here is an air corps pilot, rather than the assistant general counsel at a national corporation as in Schering, supra, we conclude that there was not abuse of discretion in setting aside the default.

 In defendant's answer he denies material allegations of the complaint and in addition pleads full satisfaction and discharge of plaintiff's claim. We are of the opinion that defendant has alleged in his answer a meritorious defense.

The judgment is affirmed.

LOCKWOOD, V. C. J., and STRUCKMEYER, J., concurring.