405 P.2d 299

**WELLTON–MOHAWK IRRIGATION AND DRAINAGE DISTRICT, a municipal corporation, Appellant,**

**v.**

**Mary McDONALD, a minor, by and through her guardian, Charles McDonald, Appellee.**\*

**No. I CA–CIV 83.**

Court of Appeals of Arizona.

Sept. 3, 1965.

Rehearing Denied Oct. 1, 1965.

Review Denied Oct. 26, 1965.

Westover, Copple, Keddie & Choules, by Douglas W. Keddie, Yuma, for appellant.

Brandt & Baker, by Thadd G. Baker, Yuma, for appellee.

STEVENS, Chief Judge.

This is an appeal from the denial of the defendant's motion to vacate a default and to set aside a judgment.

In 1963 Mary McDonald was four years of age and lived with her parents on the

---

\* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8143. The matter was referred to this Court pursuant to Section 12–120.-23 A.R.S.

property of the defendant, her father being an employee of the defendant. While Mary was attempting to use a water faucet she came in contact with a bare wire carrying a high voltage. She suffered shock and burns. As a result of the accident, it was necessary to amputate a portion of two fingers.

The accident happened on 4 January. An adjustment agency for the defendant's insurance carrier opened a file in relation to the matter on 5 January. Mary's father was appointed her guardian on 18 January. On 15 February suit was filed and the defendant was served. The suit prayed for damages in a substantial sum. The case was discussed between the plaintiff's attorneys and the insurance adjusters, both before and after the actual law suit had been filed. Under date of 28 February the adjusters wrote to plaintiff's attorneys stating, "This will confirm our telephone conversation of February 26, 1963, at which time it was agreed that we would not be required to file answer concerning the above litigation. * * * Therefore, we understand that you will notify us in writing, 10 days before answer is due". On 4 March this letter was acknowledged. The letter of acknowledgment stated in part, "On February 26, we agreed that we would not take default in the above case without giving you ten days' notice. This was done with the hope that we could arrive at a settlement without further cost or expense". This letter further contained an offer of settlement, the offer to remain open until March 18th, and concluded that "in the event it is not settled by March 18, 1963, we will give your attorney through March 29, 1963, to answer". The letter was forwarded along with a copy of the doctor's report, two 8″ x 10″ color photographs and a request that the color photographs be returned before the 18th of March. The information was transmitted by the insurance adjuster to the Phoenix office of the insurance company and by that office to their San Francisco office. All concerned knew the contents of the 4 March letter. As late as 20 March the adjuster wrote to the Phoenix office of the insurance company with reference to the case. There were phone calls relative to the return of the colored photographs of the injuries. At no time did plaintiff's attorneys give any indication of an extension of time beyond the 29th day of March. No additional extension of time was asked on behalf of the defendant. On 1 April the default was entered and proof was presented. On 4 April a judgment was entered which could not be considered excessive. It was not until after these events that the attorneys were retained on behalf of the defendant and on the 17th day of April they moved to set aside the default and to vacate the judgment. A formal hearing was had with reference to this matter.

In addition to the testimony of the insurance adjuster in Yuma, the file reflects knowledge of the insurance company in Phoenix and in San Francisco. As a basis for excusable neglect the Phoenix office of the insurance company indicates that the agent in charge was in the process of moving his office and "inadvertently overlooked the deadline".

It is the established law of this State that there must be not only excusable neglect; there must also be tendered a meritorious defense. Hendrie Buick Company v. Mack, 88 Ariz. 248, 355 P.2d 892 (1960). "Whether a sufficient showing of excusable neglect has been made is within the sound discretion of the trial court and will not be disturbed on appeal unless there has been an abuse thereof." Schering Corporation v. Cotlow, 94 Ariz. 365, 370, 385 P.2d 234, 238 (1963).

"In this determination", that is, the trial judge's determination as to whether or not a default judgment should be set aside, "the court is guided by certain equitable principles. One is that the defendant should be allowed to defend the matter on its merits when the circumstances are such that it would be extremely unjust to enforce such a judgment". Bateman v. Mc-

Donald, 94 Ariz. 327, 329, 385 P.2d 208, 210 (1963).

 Applying the foregoing legal principles to this case it is our opinion the record did not disclose an adequate showing of excusable neglect. This alone would be a sufficient basis for sustaining the ruling of the trial court. Further, it is our opinion that the affidavit in relation to a meritorious defense was inadequate and the record does not disclose a situation within the principles of Bateman.

The order is affirmed.

CAMERON and DONOFRIO, JJ., concurring.