406 P.2d 237

Isadore PRELL and Stanley Prell, Partners under the firm name and style of Prell Enterprises, Stanley Prell dba KSOM Radio Station, Appellants,

v.

Pablo AMADO dba Amado's Furniture & Appliances, Appellee.

No. 2 CA–CIV 105.

Court of Appeals of Arizona.

Oct. 5, 1965.

Alfred J. Rogers, Eugene R. Karp, Tucson, for appellants.

Dunseath, Stubbs & Burch, by G. Eugene Isaak, Tucson, for appellee.

KRUCKER, Chief Judge.

Plaintiff, Pablo Amado, doing business as Amado's Furniture & Appliances, brought suit against the defendants, Isadore Prell and Stanley Prell, partners under the firm name and style of Prell Enterprises; and Stanley Prell doing business as KSOM Radio Station, for goods, wares, merchandise and services rendered, of the value of $869.74. Action was filed June 12, 1964, and service of process was obtained on the same day. The defendants did not answer and their default was entered on the 16th day of July, 1964. Written judgment was entered on the 20th day of July, 1964. A motion to set aside the default judgment was filed on the 3d day of September, 1964.

On September 18, 1964, the motion to set aside the default was duly heard and denied by the trial court and defendants take this appeal.

Briefly, the facts disclose that before the time to answer had expired the defendants personally contacted plaintiff's attorney and

**36**

attempted to compromise or settle the action. There was a discussion as to the payment of $75.00 for costs and partial attorney's fees and the execution of a conditional sales contract and the liquidation of a portion of the indebtedness in radio advertising for plaintiff.

On July 2, 1964, plaintiff's counsel wrote Mr. Stanley Prell, stating the conditions. This letter stated, among other things, that the $75.00 was to be received *on or before July 15, 1964*. Defendants contend that the arrangement discussed provided for the $75.00 to be paid "around" July 15. Defendants denied receiving the letter of July 2. Regardless of the interpretation as to the time of payment of the $75.00, it was never paid or tendered.

A full hearing was held on the motion to set aside the default judgment. Four witnesses were called and testified concerning all of the facts.

■ In order to secure the setting aside of a default judgment, the party in default must show, first, excusable neglect; and, second, a meritorious defense. See Schering Corporation v. Cotlow, 94 Ariz. 365, 385 P.2d 234 (1963); Hendrie Buick Company v. Mack, 88 Ariz. 248, 355 P.2d 892 (1960); Wellton-Mohawk Irrigation and Drainage District v. McDonald (September 3, 1965) 1 Ariz.App. 508, 405 P.2d 299; Safeway Stores, Inc. v. Ramirez, 1 Ariz. App. 117, 400 P.2d 125 (1965); and Marquez v. Rapid Harvest Co., 1 Ariz.App. 138, 400 P.2d 345 (1965).

■ Carelessness is not synonymous with "excusable neglect" as a basis for setting aside a default judgment. Thomas v. Goettl Bros. Metal Products, Inc., 76 Ariz. 54, 258 P.2d 816 (1953).

The setting aside of a default judgment lies within the sound discretion of the trial court and the decision of the trial court will not be set aside unless there has been an abuse thereof. Failure to inform one's attorney that a suit is pending does not constitute excusable neglect for failing to file a timely answer. See Overson v. Mar-

tin, 90 Ariz. 9, 363 P.2d 604, and 90 Ariz. 151, 367 P.2d 203 (1961).

■■ There is no showing of any meritorious defense by the appellants. Appellants argue that there was a meritorious defense, stating that there was an agreement for settlement, i.e., monthly payments under a conditional sales agreement and advertising time on appellants' radio station. There is no showing that such an agreement was in existence. Defendants are attempting to set up an accord and satisfaction as a meritorious defense. At most it was an accord executory and not an accord and satisfaction. It was never accepted by the creditor and the creditor can sue on the original claim. See Owens v. Hunter, 91 Ariz. 7, 368 P.2d 753 (1962).

It is therefore ordered that the judgment of the trial court is affirmed.

HATHAWAY and MOLLOY, JJ., concurring.