406 P.2d 416

**Elmer W. GILLETTE and Oralea Gillette,
his wife, Appellants,**

v.

**Roy H. LANIER, Appellee.***

**I CA–CIV 71.**

Court of Appeals of Arizona.

Oct. 19, 1965.

Wade Church, Phoenix, for appellants.

Lovell B. Lieurance, Phoenix, for appellees.

CAMERON, Judge.

The appellee, plaintiff below, Lanier, obtained a judgment in the amount of $21,000, plus costs and attorney's fees, against the appellants, defendants below. Neither the

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8017. The matter was referred to this Court pursuant to Section 12–120.-23 A.R.S.

defendants nor their attorney appeared at the trial. Defendants filed a motion to set aside the entry of judgment which was ordered denied. From said order, defendants bring this appeal.

We are called upon to determine whether the trial court below abused its discretion in denying the motion based upon Rule 60(c), Rules of Civil Procedure, 16 A.R.S., where a defendant has allegedly had a judgment taken against him due to mistake, inadvertence, surprise or excusable neglect. We are further asked to determine whether Rule 55(b), Rules of Civil Procedure, 16 A.R.S., requires a three day notice prior to taking judgment where the party against whom it is sought has appeared in the action.

The facts as are necessary for a determination of this case on appeal are as follows:

On 28 December, 1960, an agreement was entered into between the plaintiff and the defendant, Elmer W. Gillette. The agreement was signed by Elmer W. Gillette, but was not signed by his wife, Oralea Gillette. At the time of the trial they had been married for over 35 years.

Complaint was filed by the plaintiff on 7 May, 1962, alleging that the defendant, Elmer Gillette, individually and as agent for and on behalf of the marital community, made, executed and delivered the said written agreement, and had defaulted thereon. Defendants filed an answer 1 June 1962, admitting the agreement, but denying that Elmer Gillette acted as an agent for and on behalf of the marital community, and setting up as an affirmative defense, lack of consideration. At this time, defendants were represented by an attorney other than the one who now represents them on appeal.

Depositions were taken by the plaintiff. Motion to set, and certificate of readiness was filed 28 September, 1962. The minute entries reflect that on 16 November, 1962, the matter was set for trial and notices mailed. Trial was held on the 26th day of November, 1962, this being the trial date specified in the 16 November order. The plaintiff appeared with counsel and the defendants were not present either in person or by counsel. Oral and documentary evidence was received and judgment was ordered as prayed upon presentation of formal written judgment.

The formal written judgment was dated and signed by the trial judge 19 December, 1962. As more particularly appears from the minutes of the court, a copy of the minutes was mailed to each attorney of record. On 31 January, 1963, the defendants, represented for the first time by the attorney who now represents them on appeal, filed a motion to set aside the judgment. Attached to this motion was an affidavit signed by the defendant, Elmer W. Gillette, in which he states, in part, as follows:

"He [referring to Gillette's attorney of record at the time of judgment] sent me a letter just before the trial saying that the matter was coming up, but I never dreamed that he would not be there to represent me, or tell me when I should appear.

"I feel that I was not represented at the trial, even though I had an attorney of record, and through a bad mistake I was not notified of the time of the trial and am now found with a burdensome judgment."

Formal stipulation for substitution of attorney on behalf of the defendants was not filed and signed until 21 March, 1963. Meanwhile, after several motions and a hearing on the matter, the court, on 29 March, 1963, denied the motion of the defendant to set aside the entry of judgment.

Defendants first contend that the trial court abused its discretion in failing to set aside the judgment rendered on 26 November, 1962. Defendants cite Rule 60(c), Rules of Civil Procedure, 16 A.R.S., as amended, which reads, in part, as follows:

"On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inad-

vertence, surprise or excusable neglect; * * *." Rule 60(c), Rules of Civil Procedure, 16 A.R.S.

■ The question of whether a sufficient showing of excusable neglect has been made is usually within the judicial discretion of the trial court. It will not be disturbed on appeal, unless it appears that there·has been an abuse of that court's discretion. It is, however, an abuse of the trial court's discretion to open or vacate a judgment where the moving party shows no legal reason or excuse for his own negligence. Marsh v. Riskas, 73 Ariz. 7, 236 P.2d 746 (1951).

■ Most of the Arizona cases on the application of Rule 60(c) of the Rules of Civil Procedure concern motions to set aside default judgments entered before a responsive pleading has been filed, rather than, as here, after a judgment has been entered after trial at which a party failed to appear. We believe the principles are the same. The Arizona Supreme Court has stated that the elements necessary to warrant setting aside a default are; (1) a failure to answer because of excusable neglect, and (2) that there was a meritorious defense. Either alone is insufficient to·compel the trial judge to set aside the default. Damiano v. Damiano, 83 Ariz. 366, 321 P.2d 1027 (1958). Assuming, in the instant case, that the ˙answer filed shows a meritorious defense on its face, there still must be a showing of excusable neglect to warrant the setting aside of the judgment, whether by default, or as here, after trial.

■ In the instant case, the defendant, by his affidavit in support of the motion, admitted that he knew that the trial in the matter was "coming up", and that he was represented by an attorney. He had filed an answer in the matter, and notices had been sent informing his attorney of the trial date. There is nothing in the record to indicate that the failure to act in this matter was based upon any excusable neglect, mistake, inadvertence or surprise.

"In view of the disposition made of the motion it is apparent that the trial judge concluded that the failure of the defendant to answer the complaint was not attributable to illness but rather was occasioned by carelessness which in law is not synonymous with 'excusable neglect'." Thomas v. Goettl Bros. Metal Products, 76 Ariz. 54 at 57, 258 P.2d 816 at 817 (1953).

There is nothing before this Court to indicate that the trial court below abused its discretion, when after a hearing on the matter, it denied the defendant's motion to set aside the judgment. Wellton-Mohawk Irrigation and Drainage District v. McDonald, 1 Ariz.App. 508, 405 P.2d 299 (1965); Bryant v. Bryant, 40 Ariz. 519, 14 P.2d 712 (1932).

■ The defendants next contend that under Rule 55(b) of the Rules of Civil Procedure, 16 A.R.S., that the plaintiff was required to give three days written notice before the application for said judgment. With this we do not agree. This was not a default judgment within the meaning of the word "default" as set forth in Rule 55(b). This was a trial upon the issues at which the defendant failed to appear either in person or by his attorney. As has been stated:

"A default occurs when a party fails to appear in response to process or, having appeared, fails to obey a rule to answer and thereby confesses the allegations of the pleading. Judgment is then rendered without the trial of any issue of law or fact. Fisk v. Baker, 1874, 47 Ind. 534. Obviously where an issue of fact is pending between the parties there can be no judgment on default even though the defendant is absent at the time fixed for trial. Under such circumstances however the court may proceed to hear the plaintiff's evidence in the same manner as though the defendant were present and, if a prima facie case is established, may render appropriate judgment." Aetna Securities Company. v. Sickels, 120 Ind.App. 300, 88 N.E.2d 789 at 792, 793, 90 N.E.2d 136 (1949).

Defendant's position was discussed in a recent Arizona case, in which our Supreme Court stated as follows:

"However, the defendant's contention is invalid here since the judgment below was not a default judgment. It should be noted that the defendant did plead to the merits. He answered the complaint and filed a counterclaim. He then failed to appear at the trial in person or by counsel. The trial proceeded, evidence was heard, and a judgment on the merits of the plaintiff's and the counter-claimant's claim was entered. The judgment was not by default within the meaning of Rule 55. Therefore Rule 55(b) with its 3-day notice requirement is not applicable. In fact, the trial court would have erred if a default was entered, since the case was at issue." Coulas v. Smith, 96 Ariz. 325 at 328, 395 P.2d 527 at 529 (1964).

Judgment is affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.