415 P.2d 483

Charles V. KOHLBECK, Appellant,

v.

Francis HANDLEY, Appellee.*

No. 2 CA–CIV 255.

Court of Appeals of Arizona.

June 14, 1966.

Rees, Estes & Browning and Edward I. Kennedy, by Donald Estes, Tucson, for appellant.

Mesch, Marquez & Rothschild, by John K. Mesch, Tucson, for appellee.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's No. 8593. The matter was referred to this Court pursuant to A.R.S. Section 12–120.23.

KRUCKER, Chief Judge.

This is an appeal from an order granting appellee's motion to set aside default and default judgment. The appellant, plaintiff below, filed a complaint alleging that the appellee had willfully, maliciously and wrongfully assaulted him on February 14, 1964. The complaint further alleged that as a result of the assault and battery the appellant suffered a broken elbow, a shoulder dislocation and other bodily injuries resulting in some permanent disability. The prayer was for the amount of $35,000.00 actual damages and $25,000.00 punitive damages.

The appellee failed to appear or answer within the time required by law and on June 19, 1964, default was entered against him. The court heard testimony on appellant's application for default judgment and on July 3, 1964, granted the appellant judgment in the amount of $10,000.00 actual damages, $5,000.00 punitive damages, and costs in the sum of $19.95.

On July 3, 1964, appellee filed a motion to set aside the entry of default and default judgment alleging that the failure to answer appellant's complaint was caused by inadvertence and excusable neglect and that he had a meritorious defense. The motion was supported by four affidavits from the appellee's attorney, two legal secretaries in this attorney's office, and the appellee. The court heard arguments on the motion and entered an order on July 22, 1964, setting aside the entry of default and vacating default judgment. Notice of appeal was duly filed by appellant on the grounds that the trial court abused its discretion in finding inadvertence and excusable neglect sufficient to set aside and vacate the default and default judgment and that the court erred in finding that the appellee had a meritorious defense.

Rule 55(c), Arizona Rules of Civil Procedure, 16 A.R.S., provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(c)." Rule 60(c), Arizona Rules of Civil Procedure, 16 A.R.S., provides the bases upon which the court may relieve a party from a final judgment. The rule, as modified, provides in part:

"On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (6) any other reason justifying relief from the operation of the judgment. * * *"

Our Supreme Court has pronounced the rule that, in order for a default judgment to be set aside, the party in default must show that the reason for his failure to answer within the time required by law was by virtue of excusable neglect, that he had a meritorious defense and that no undue lapse of time passed between the default judgment and the filing of the motion to set it aside. Marquez v. Rapid Harvest Co., 99 Ariz. 363, 409 P.2d 285 (1965); Schering Corporation v. Cotlow, 94 Ariz. 365, 385 P.2d 234 (1963); Hendrie Buick Co. v. Mack, 88 Ariz. 248, 355 P.2d 892 (1960). In addition, the Arizona Supreme Court has stated that in any determination of whether a default judgment should be set aside the court is guided by equitable principles.

"These principles require that a defendant be given a fair opportunity to litigate a disputed obligation and also require that a plaintiff, who has, according to regular and legal proceedings, secured a judgment be protected against a violation of the rule which requires the sanctity and security of a valid judgment." Coconino Pulp and Paper Company v. Marvin, 83 Ariz. 117, 120, 317 P.2d 550, 552 (1957), cited in the later case of Bateman v. McDonald, 94 Ariz. 327, 385 P.2d 208 (1963).

In pronouncing the test as to what constitutes excusable neglect, our Supreme

Court stated in Coconino Pulp and Paper Company, supra:

"If a judgment is acquired because of a party's mere neglect, inadvertence or forgetfulness without any reasonable excuse therefor, the judgment will not be disturbed and the neglecting party must suffer the consequences. The general test of what is excusable is whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under the same circumstances. (Citing case.)" (This test has been repronounced in Gray v. Dillon, 97 Ariz. 16, 396 P.2d 251 (1964), and Bateman v. McDonald, supra.)

■ In the application of this standard to specific situations, the question of whether or not there has been a sufficient showing of excusable neglect to warrant vacating and setting aside the entry of default and default judgment rests within the sound discretion of the trial court and the judgment will not be disturbed on appeal unless there has been an abuse of discretion. Gray v. Dillon, supra; Schering Corporation v. Cotlow, supra; Gillette v. Lanier, 2 Ariz.App. 66, 406 P.2d 416 (1965); Prell v. Amado, 2 Ariz.App. 35, 406 P.2d 237 (1965); Wellton-Mohawk Irr. & Drain. Dist. v. McDonald, 1 Ariz. App. 508, 405 P.2d 299 (1965); Safeway Stores, Inc. v. Ramirez, 1 Ariz.App. 117, 400 P.2d 125 (1965).

Two secretaries in the office of appellee's attorney filed affidavits supporting the motion to set aside the default and default judgment, stating that they were charged with the responsibility of docketing new cases and notifying the respective attorneys in the office of the time for filing pleadings and making court appearances, and that due to the fact that one of the secretaries had been employed only four days prior to the date the file of this case had been given to her, the case was not placed on the calendar. The affidavit of Mr. Mesch, appellee's attorney, stated that he is a member of a law partnership consisting of four attorneys, three secretaries and a bookkeeper; that the law firm has approximately 2,000 active files of which 200 require some work monthly; that Mr. Mesch personally handles some 500 active files and processes an average of five new files weekly; that on June 4, 1964, appellee engaged the firm to represent him in this civil action; that a new secretary had just been hired and because of her unfamiliarity with office routines and procedures, he was not reminded that an answer was due and, therefore, none was filed. Appellee's affidavit contains a denial that any assault occurred and that, further, several days after the assault allegedly occurred, appellee saw the appellant in excellent health and that if an assault had occurred, it must have been committed by some unknown third person. On the basis of these affidavits and hearings on the motion, the court entered an order setting aside and vacating the entry of default and default judgment.

■■ We are cognizant of the fact that carelessness is not synonymous with excusable neglect as a basis for setting aside default judgment. Prell v. Amado, supra, citing Thomas v. Goettl Bros. Metal Products, Inc., 76 Ariz. 54, 258 P.2d 816 (1953). But we believe that the foregoing facts show sufficient evidence upon which the trial court could exercise its discretion in determining that the failure to file a timely answer to appellant's complaint was excusable neglect within the meaning of Rule 60(c). In this case a new secretary had been employed four days prior to the date the law firm had been engaged to defend the appellee; in Marquez v. Rapid Harvest Co., supra, an employee terminated several days after service was made without notifying his employer. The Arizona Supreme Court stated at 99 Ariz. 366, 409 P.2d at 287 citing Coconino Pulp & Paper Co. v. Marvin, supra:

"Where an employee is about to terminate his employment within a few days, failure to notify the employer of service of process on the employee may constitute

conduct of a reasonably prudent person under the same circumstances."

In Coconino Pulp & Paper Co. v. Marvin, supra, at 83 Ariz. 120–121, 317 P.2d 550, 552, the Arizona Supreme Court stated:

"It seems to us that in a large law firm, with many lawsuits in the various courts, the problem of determining the respective times within which appearances must be made is one that reasonably requires the services of a secretary whose duty it is to keep informed as to the status of all litigation and in turn remind the attorneys of the condition of the calendar with respect to the cases being handled by them. Such a system is conducive to efficiency and the elimination of mistakes and oversights. When the conditions warrant the operation of this system, absent some showing of inefficiency or undependability of the secretary, the attorneys should be justified in assuming that they will be properly informed concerning the status of their cases. Any reasonable person under such circumstances would place reliance upon the proper performance of the services of such a secretary. If through some inadvertent clerical error the lawyer is not informed, his conduct resulting therefrom we believe is excusable."

In accordance with the foregoing pronouncements, we find no basis for concluding that the trial court abused its discretion in granting appellee's motion.

■ Regarding the second issue raised in this appeal, i. e., appellant's allegation that a general denial does not constitute a meritorious defense, we have previously noted that appellee's affidavit in support of his motion denied that he committed an assault and battery upon the appellant, denied that he struck the appellant or tore his clothing or hit him with a large boulder as alleged in appellant's complaint, and further alleged that he saw the appellant the day following the date the alleged battery occurred and that the appellant was conducting himself in a normal manner, that there was nothing to indicate any physical injuries and that if the appellant was assaulted it must have been committed by some unknown third person. As noted in Huff v. Flynn, 48 Ariz. 175, 178, 60 P.2d 931, 933 (1936):

"The purpose of an affidavit of merits is not to determine the real facts of the case, nor, indeed, to settle finally the pleadings and issues upon which it is eventually to be tried. It is sufficient if it shows upon its face that, admitting all the facts set forth therein, there would be a substantial defense to the action. In other words, unless the defense set up in the affidavit would be subject to a general demurrer, it is sufficient."

In Hendrie Buick Company v. Mack, supra, at 88 Ariz. 252, 355 P.2d at 894, the Arizona Supreme Court stated:

"The affidavit is not intended to be a substitute for a trial of the issues of fact. It is sufficient if it shows upon its face, with all the material facts set forth therein deemed admitted, that there is a substantial defense to the action."

We believe that these requirements are satisfied by the record before us. Appellee's affidavit denied all material allegations as to the assault as well as to appellant's injuries. The trial court held that the record was sufficient to indicate the existence of a meritorious defense and we find no abuse of its discretion in so ruling.

The judgment is accordingly affirmed.

HATHAWAY and MOLLOY, JJ., concurring.