415 P.2d 575

**C. MEISEL MUSIC COMPANY, Inc., a corporation, Appellant,**

**v.**

**Benjamin E. PERL dba House of Music and Harry Leidhaber dba Fairway Loan Company, Appellees.**

**No. 1 CA–CIV 229.**

Court of Appeals of Arizona.

June 23, 1966.

Rehearing Denied July 18, 1966.

Review Denied Sept. 27, 1966.

Wilson & McConnell, by John Thompson, Phoenix, for appellant.

Abbott H. Goldenkoff, Phoenix, for appellees.

CAMERON, Judge.

This is an appeal from an order of the lower court granting a motion filed pursuant to Rule 60(c), (5) and (6), of the Rules of Civil Procedure, 16 A.R.S., relieving the defendant Leidhaber from the provisions of a default judgment obtained against him by plaintiff Meisel Music Company.

We are called upon to determine whether the uncontroverted facts as indicated by the affidavits on file are sufficient to authorize the trial court to relieve the defendant Leidhaber from the operation of the judgment.

The facts necessary for a determination of this matter are as follows: In September, 1962, the defendant, Benjamin E. Perl, doing business as the House of Music, ordered from the plaintiff, C. Meisel Music Company, certain merchandise. The sale price was not paid in full, and on 25 January, 1964, there was still a balance due and owing upon said merchandise. On 25 January, 1964, the defendant Harry Leidhaber, purchased various musical instruments and other items from Perl for the

total sum of $1,800.00. The defendants Leidhaber and Perl both state that the purchase did not constitute a minimum of 75% of the entire stock in trade and the defendant Perl states that the merchandise sold to Leidhaber constituted approximately 40% of the total stock in trade. Defendant Leidhaber stated further that he at no time agreed to pay any claims or indebtedness against Perl. These facts are stated in affidavits submitted to the court below in support of defendant Leidhaber's motion.

On 18 March, 1964, the plaintiff filed suit against both defendants. The complaint alleged upon information, belief that Leidhaber's purchase from Perl was in contravention of the Arizona Bulk Sales Law. Leidhaber was served personally on 19 March, 1964. On 1 May, 1964, neither party having answered, the plaintiff obtained a judgment by default against both defendants.

Nine days short of one year after judgment was rendered, plaintiff filed his motion to be relieved of this judgment. His motion was based on Rule 60(c) of the Arizona Rules of Civil Procedure, which states as follows:

"On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (5) * * * it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." 60(c), 16 A.R.S.

In support of his motion, defendant Leidhaber filed an affidavit in which he admitted personal service and knowledge of action against him. He further stated his reliance on the word of his co-defendant who stated that the matter would be taken care of and that he [Leidhaber] need not worry about it any longer. The affidavit further asserted that having been assured

that the matter would be taken care of by the co-defendant Perl, Leidhaber continued with his plans for an extended trip abroad and did depart on 10 May, 1964, ignorant of the 1 May default judgment entered against him.

In April of 1965, the sheriff entered Leidhaber's business establishment with a writ of execution to levy upon the judgment. It was then the defendant first learned that judgment had been entered against him. He immediately retained an attorney and on 21 April, 1965, the motion was filed in the Superior Court for an order relieving him from the prospective operation of the judgment. After oral argument before the lower court by respective counsel, the court granted defendant Leidhaber's motion. It is from that order that plaintiff brings this appeal.

Our Supreme Court has stated that in order for a default judgment to be set aside, the party in default must show, (1) his failure to answer within the time required by law was by virtue of excusable neglect, and (2) that he had a meritorious defense. Marquez v. Rapid Harvest Company, 99 Ariz. 363, 409 P.2d 285 (1965), Schering Corporation v. Cotlow, 94 Ariz. 365, 385 P.2d 234 (1963). These cases have also indicated that the moving party must make his motion without unreasonable delay after discovering that the judgment had been taken against him. Marquez v. Rapid Harvest Company, supra, Kohlbeck v. Handley, 3 Ariz.App. 469, 415 P.2d 483, filed 14 June, 1966.

The Arizona Supreme Court has stated that in determining these matters, the court is to be guided by equitable principles:

"These principles require that a defendant be given a fair opportunity to litigate a disputed obligation and also require that a plaintiff, who has, according to regular and legal proceedings, secured a judgment be protected against a violation of the rule which requires the sanctity and the security of a valid judg-

ment." Coconino Pulp and Paper Company v. Marvin, 83 Ariz. 117, 120, 317 P.2d 550, 552 (1957).

## EXCUSABLE NEGLECT

In considering what constitutes excusable neglect, our Supreme Court has stated the general test to be whether the neglect or inadvertence is such as would be the act of a reasonable, prudent person under the same circumstances. Coconino Pulp and Paper Company v. Marvin, supra, Bateman v. McDonald, 94 Ariz. 327, 385 P.2d 208 (1963), Gray v. Dillon, 97 Ariz. 16, 396 P.2d 251 (1964). Generally speaking, in applying these principles the question of whether or not there has been a sufficient showing of excusable neglect to warrant the action of the court below vacating and setting aside the entry of default and default judgment rests within the sound discretion of the trial court and the trial court's action will not be disturbed on appeal except for an abuse of that discretion. Gillette v. Lanier, 2 Ariz.App. 66, 406 P.2d 416 (1965), Prell v. Amado, 2 Ariz.App. 35, 406 P.2d 237 (1965), Wellton-Mohawk Irrigation and Drainage District v. McDonald, 1 Ariz.App. 508, 405 P.2d 299 (1965), Safeway Stores, Inc. v. Ramirez, 1 Ariz.App. 117, 400 P.2d 125 (1965) (opinion on review at 99 Ariz. 372, 409 P. 2d 292 [1965]). And our courts and the federal courts have both stated that the civil procedure rules should be given a liberal construction. Di Pietruntonio v. Superior Court In and For Maricopa County, 84 Ariz. 291, 327 P.2d 746 (1958), Radack v. Norwegian America Line Agency, 2 Cir., 318 F.2d 538 (1963). Under the circumstances in the instant case, we do not believe that the defendant was unreasonable in his reliance upon the representations of his co-defendant that the matter would be taken care of. We feel that Leidhaber's action was the act of a reasonable, prudent person under the same circumstances, and for that reason we feel and therefore hold that the action of the trial court in setting the default aside based on excusable neglect was not erroneous.

## MERITORIOUS DEFENSE

Arizona's Bulk Sales Law reads in part as follows:

"No person in the business of buying commodities and selling them in small quantities for purposes of profit shall, at a single transaction and not in the regular course of business, sell, assign or deliver seventy-five per cent or more of his stock in trade, unless he, not less than ten days prior to the sale, assignment or delivery, records in the office of the county recorder in the county in which he conducts his business, a notice of his intention to make such sale, assignment or delivery. * * * B. Any such sale, assignment or delivery made without the recording, publication and posting of notice as provided in this section, is void as to all creditors of the vendor at the time of the sale, assignment or delivery." 44–1021 A.R.S.

The uncontroverted affidavits of the two defendants both assert that the sale of the stock in trade was for less than the 75% required by this statute, and the affidavit of the defendant Perl asserts that the amount of stock sold was approximately 40%. It has been stated:

"The affidavit is not intended to be a substitute for a trial of the issues of fact. It is sufficient if it shows upon its face, with all the material facts set forth therein deemed admitted, that there is a substantial defense to the action." Hendrie Buick Company v. Mack, 88 Ariz. 248 at 252, 355 P.2d 892 at 894 (1960).

As was stated recently:

"We believe that these requirements are satisfied by the record before us. Appellee's affidavit denied all material allegations as to the assault as well as to appellant's injuries. The trial court held that the record was sufficient to indicate the existence of a meritorious defense

and we find no abuse of its discretion in so ruling." Kohlbeck v. Handley, supra.

## TIMELINESS OF THE MOTION TO VACATE

 Appellant contends that the defendant Leidhaber's motion was not timely filed. Defendant Leidhaber filed his motion to set aside default "nine days short of one year after judgment was rendered." Rule 60(c) states further:

"The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment * * *." Rule 60 (c), 16 A.R.S.

In the instant matter, the motion was made under Rule 60(c), (5) and (6), supra, and the 6 month limitation on motions does not apply. The affidavits make it clear that the defendant Leidhaber obtained the services of an attorney and filed his motion as soon as he obtained the knowledge of the judgment against him. Under the circumstances, we do not feel that the court below erred in finding in effect that no undue lapse of time passed between the defendant's knowledge of the default judgment and the filing of the motion to set aside. Our Supreme Court has stated:

"What is a 'reasonable time' within which to make the motion must depend on the circumstances of the particular case. Thus the moving party will be required to show good reason for his failure to take appropriate action sooner. 3 Barron & Holtzoff, Federal Practice and Procedure § 1330. However where no intervening rights have attached in reliance upon the judgment, any doubt should be resolved in favor of securing a trial upon the merits." Marquez v. Rapid Harvest Company, supra, 99 Ariz. at p. 366, 409 P.2d at p. 287.

Order of the court below is affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.