417 P.2d 548

**Delores Lee HANSEN, Appellant,**

v.

**Frank BRUGLIERA, Appellee.**

**No. I CA–CIV 302.**

Court of Appeals of Arizona.

Aug. 10, 1966.

Rehearing Denied Sept. 2, 1966.

Review Denied Oct. 18, 1966.

---

Overton, Behrens & MacLean, by John H. MacLean, Phoenix, for appellant.

Kanne & Bickart, by Allen B. Bickart, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal from an order of the lower court granting defendant-appellee's motion to set aside default and entry of judgment.

We are called upon to determine whether the lower court abused its discretion in granting defendant's motion pursuant to Rule 60(c), Rules of Civil Procedure, 16 A.R.S.

The facts necessary for a determination of this matter on appeal are as follows: Complaint was filed 1 April, 1965, and defendant was personally served on the same day. On 22 April, 1965, affidavit on default and affidavit concerning military service was filed by the plaintiff and the default of the defendant was entered on the same day. The verified answer of the defendant was filed 23 April, 1965, the verification showing that the defendant had signed the pleadings on 20 April, 1965.

On 6 May, 1965, Judgment by Default was entered and signed by the Court Commissioner, and on 29 June, 1965, defendant moved to set aside default and entry of judgment. Said motion was supported by the affidavit of the attorney for the defendant alleging that the answer had been prepared but had not been filed until 23 April, 1965, due to an oversight. Oral argument on the motion to set aside default and entry of judgment was heard by the court on 28 July, 1965. The minute entry reflects:

"The Court being of the opinion that excusable neglect and inadvertence exists with respect to the timely filing of defendant's answer, it is ordered granting defendant's motion to set aside default and entry of judgment and said default and judgment entered pursuant thereto are vacated and set aside."

Written form of this judgment was signed by the court on 13 September, 1965.

■ Generally speaking, the question of whether or not there has been a sufficient showing of excusable neglect to warrant the action of the court below in vacating and setting aside the entry of default and default judgment rests within the sound discretion of the trial court, and the trial court's action will not be disturbed on appeal except for an abuse of that discretion. Prell v. Amado, 2 Ariz.App. 35, 406 P.2d 237 (1965), Wellton-Mohawk Irrigation and Drainage District v. McDonald, 1 Ariz. App. 508, 405 P.2d 299 (1965), Meisel Music Company, Inc. v. Perl, 3 Ariz.App. 479, 415 P.2d 575 (1966), Kohlbeck v. Handley, 3 Ariz.App. 469, 415 P.2d 483 (1966), and our Supreme Court has recently stated:

"Where no intervening rights have attached in reliance upon the judgment, any doubt should be resolved in favor of securing a trial upon the merits." Marquez v. Rapid Harvest Company, 99 Ariz. 363 at 366, 409 P.2d 285, at 287 (1965).

And we have recently stated:

"The question of whether a sufficient showing of excusable neglect has been made is usually within the judicial discretion of the trial court. It will not be disturbed on appeal unless it appears that there has been abuse of that court's discretion." Gillette v. Lanier, 2 Ariz.App. 66 at 68, 406 P.2d 416, at 418 (1965).

■ The verified answer being an adequate showing of a meritorious defense, Coconino Pulp and Paper Company v. Marvin, 83 Ariz. 117, 317 P.2d 550 (1957), a

search of the record shows no abuse of the discretion of the court below in granting defendant's motion to set aside default and entry of judgment, and therefore the judgment of the court below must be affirmed.

Judgment affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.