No. 17,227.

## BROWN v. THE STATE.

MISCONDUCT OF JURY.—*Intoxication of Juror.*—*New Trial.*—*Criminal Law.*—*Murder.*—Where a juror, in a prosecution for murder in the first degree, after the trial had been entered upon and evidence heard, and after the jury had been discharged for the day, became intoxicated by the intemperate use of intoxicating liquors—the verdict, in the finding of which such juror participated, adjudging the defendant guilty and affixing the death penalty—such misconduct on the part of the juror was good ground for a new trial.

From the Bartholomew Circuit Court.

*J. F. Cox*, for appellant.

*A. G. Smith*, Attorney-General, *F. W. Cady* and *D. L. Cady*, for State.

COFFEY, J.—The appellant was indicted in the Bartholomew Circuit Court upon a charge of murder in the first degree. A trial of the cause, by jury, resulted in a verdict of guilty, fixing the death penalty. Over a motion for a new trial, the court rendered judgment on the verdict and named a day on which the sentence should be executed. From the judgment thus rendered, the appellant prosecutes this appeal and assigns as error:

*First.* That the circuit court erred in overruling a motion to quash the indictment.

*Second.* That the court erred in overruling the appellant's motion for a new trial.

The indictment is, substantially, such as has often been held sufficient by this court. It would unnecessarily encumber this opinion to set it out here, as no good purpose would be subserved thereby. We think it is a good indictment for murder in the first degree, and the court did not err in overruling a motion to quash it.

The trial of the cause began on the 12th day of De-

cember, 1893. The time of the court was consumed in hearing evidence from that date to the 15th day of the month. Without any objection the jury was permitted to separate at each adjournment of court. After hearing the evidence from nine o'clock in the forenoon until four thirty in the afternoon on Wednesday, the 13th day of the month, one of the jurors, about eight o'clock, and after court had adjourned for the day, became intoxicated and was known to be intoxicated up to ten o'clock of that evening. At the convening of court on the next morning, the juror was in his seat, and remained on the jury and assisted in making the verdict against the appellant.

It is contended by the appellant that this was such irregularity and misconduct on the part of the jury as vitiates the verdict. It is said that the misconduct of one juror, so far as it may affect the verdict in contemplation of law, is the misconduct of all. Moore's Crim. Law, section 417.

It seems to be well settled in this State, as well as in other jurisdictions, that drinking intoxicating liquor during the recess of the court is not such misconduct of the jury as vitiates the verdict, unless the drinking is to such an extent as to produce intoxication; but where a juror drinks to such an extent as to become intoxicated, such conduct renders the verdict invalid, and the court, upon proof of such misconduct, should set it aside and grant a new trial. *Creek* v. *State*, 24 Ind. 151; *Davis* v. *State*, 35 Ind. 496; *Huston* v. *Vail*, 51 Ind. 299; *Pratt* v. *State*, 56 Ind. 179; *Carter* v. *Ford, etc., Co.*, 85 Ind. 180; *Pelham* v. *Page*, 6 Ark. 535; 4 Crim. Law Mag., sections 10 and 11; *State* v. *Cucuel*, 24 N. J. L. 249; *Jones* v. *State*, 13 Tex. 168.

In the case of *Ryan* v. *Harrow*, 27 Iowa, 494, the court

declined to enter into the question as to whether the juror drank to intoxication, but said: ''The drinking of intoxicating liquor by one or more of the jurors, during the discharge of their duties as such, constituted sufficient ground for setting aside the verdict and ordering a new trial. The view we take of the case will relieve us of the duty of determining whether the charge of intoxication is sustained by the record. And we are glad to escape so unpleasant an investigation, which might result in convincing us that the administration of the law in our State has been disgraced by the drunkenness of those appointed to decide, in a court of justice, upon the rights of their fellow-citizens. We had hoped that such things were of the past, and would only be remembered as rare instances existing in the traditions of frontier days.''

In the case of *Jones* v. *State, supra,* it was said by the Supreme Court of Texas, after a quotation from Scotland's most popular bard: ''Yes, it is but too true, that it (intoxicating liquor) will make a man bold and reckless, not only of consequences personally, but also of the rights of those whose life and most valuable interests, property and reputation are at stake; and its effect is so very different on different men, that it would be dangerous in the extreme to attempt to lay down any rule by which it could or should be determined whether a juror had drank too much or not; and the only safe rule is to exclude it entirely.''

In this case, we are not required to go to the extent to which these cases lead us. It is not denied by the State that the juror in question was intoxicated, as charged in the affidavits filed in support of the motion for a new trial.

In the administration of the law, it sometimes becomes necessary to take human life upon the assumption

Brown *v.* The State.

that the good of society demands it; but when life is to be taken, the legal proceedings leading to such a result should be free from any error the nature of which could result in injury to the accused. No more solemn duty could be imposed upon a tribunal than that of passing the death sentence upon a fellow-being, and when this duty is to be performed, there should be no reasonable doubt that the unfortunate subject of the sentence has had a fair and impartial trial.

In this case, one of the jurors charged with the duty of impartially trying the appellant, at a time when he should have kept his mental faculties in a condition to retain the evidence in the cause and carefully ponder and weigh it, became intoxicated by the intemperate use of intoxicating liquor. In this condition, it is perfectly plain that he was in no condition to give the case a fair consideration.

While it does not appear that he was still intoxicated when he took his seat in the jury box on the next morning, we have no means of knowing the extent to which his mental faculties were beclouded by the previous night's debauch. It is enough to say that the appellant was entitled to have this juror consider and pass upon his case with faculties unimpaired by drunkenness during the progress of the trial.

The record in the cause is not of such a character as to warrant us in saying that the intoxication of the juror did not injuriously affect the appellant.

There was much evidence introduced at the trial of the cause, of an apparently reliable character, tending to prove that the appellant, at the time of the commission of the alleged crime for which he was convicted, was a person of unsound mind.

In our opinion, the circuit court erred in overruling

the appellant's motion for a new trial on account of the misconduct of the jury trying the cause.

Judgment reversed, with directions to the circuit court to sustain the appellant's motion for a new trial.

Filed April 4, 1894.