[No. 3217. Decided October 6, 1899.]

DANIEL HEDICAN et al., Respondents, v. THE PENNSYLVANIA FIRE INSURANCE COMPANY, Appellant.

MISCONDUCT OF JUROR—INTOXICATION DURING TRIAL.

Drunkenness of a juror during the progress of a trial, even if he were sober when the testimony was introduced and at the time of rendering verdict, is such misconduct as to warrant a reversal of the case.

ACTION ON INSURANCE POLICY—WHEN WIFE PROPER PARTY.

In an action to recover upon an insurance policy for loss by fire, the wife is a proper party plaintiff with the husband, where the property destroyed was community property.

· ˙Appeal from ˙Superior Court, Thurston County.—Hon. BYRON MILLETT, Judge.    Reversed.

*Daniel Gaby* and *Troy & Falknor,* for appellant.

*George C. Israel,*.for respondents.

The opinion of the court was delivered by

REAVIS, J.—Action upon an insurance policy to recover for loss by fire.    Several defenses were set up by defendant, and the burden at the trial was put upon defendant. Considerable testimony was produced by each party, much of which is conflicting.    The jury returned a verdict in favor of the plaintiff.    Numerous assignments of error are made by counsel for appellant.    It would not be profitable, however, to review many of them.    Where objections were well taken to testimony introduced, they seem to have been largely formal, and, in view of a necessary reversal of the cause, they are unlikely to occur again. The motion for a new trial assigned as one ground misconduct of the jury.    It appears that the argument of the cause was made at the evening and morning session of the court, immediately after the conclusion of the taking of testimony; that the arguments of counsel were limited in time by the court.    At the evening session, and during the argument, a juror was intoxicated.    This fact was brought to the attention of the court after the session was concluded, and the court permitted counsel at the following morning session to make their arguments without limitation as to time.    It appears the juror became intoxicated after the testimony was all adduced.    It is contended by counsel for respondent that, the juror having been sober during the progress of the trial and having heard all the testimony, and counsel having been given an opportunity to make further and complete arguments when the juror had become again sober, no injury resulted to either party by reason of his intoxication during the progress of the

trial.    But this position cannot be maintained in the light of authority and the proper administration of justice. Such gross breach of the duty of a juryman cannot be condoned.    Parties are entitled to have a cause submitted only to sober jurors, and the court will not undertake an inquiry into the state or condition of mind of a juryman who has been intoxicated during the progress of a trial, but will assume that he was incompetent to determine the cause.    Drunkenness during the progress of a trial is not only the gravest breach of the juryman's duty, but it is also a most serious contempt of the court and the administration of the law.    *Jones v. State,* 13 Tex. 168 (62 Am. Dec. 550) ; *Brown v. State,* 137 Ind. 240 (36 N. E. 1108, 45 Am. St. Rep. 180) ; *Ryan v. Harrow,* 27 Iowa, 494 (1 Am. Rep. 302).

The objection to the amended complaint is not well taken.    By the amendment the wife was joined with the husband.    It will be assumed that the court was satisfied to grant the amendment, whether leave was formally entered before or after the amended complaint was filed. The property destroyed was community property, and there can be no question but that the wife was a proper party to the action with her husband.    Bal. Code, § 4827.

The cause is reversed because of the misconduct of the jury and remanded for a new trial.

GORDON, C. J., and ANDERS, FULLERTON and DUNBAR, JJ., concur.