**STOUDENMEIER v. FIRST NAT. BANK OF WICHITA FALLS. (No. 10346.)**

(Court of Civil Appeals of Texas. Fort Worth. Nov. 11, 1922.)

**I. Parties ⬗⟿56—Defendants served with original petition need not be served with amended petition making additional party defendant.**

In a suit on a note, where defendants were served with the original petition, which declared that the payee had indorsed the note to plaintiff, it was not necessary that they be served with an amended petition, which was substantially identical except that it prayed for judgment against the indorser; no new cause of action being presented as against the original defendants.

**2. Execution ⬗⟿171(2)—Rendition of default judgment with writ of inquiry by unqualified judge not ground for enjoining execution on final judgment entered after he qualified.**

Execution to enforce a judgment for plaintiff in an action on a note will not be enjoined because the judge had not taken the oath of office and given bond at the time he rendered judgment by default with a writ of inquiry, which performs no useful office in a suit predicated on an instrument in writing, where he qualified before final judgment was entered; the proceedings constituting, at most, mere irregularities available only by appeal or writ of error.

**3. Judgment ⬗⟿145(2), 153(1)—Default not set aside and execution stayed on petition filed nearly 20 months after rendition without excuse for delay or effort to show just defense.**

A judgment by default rendered on July 21, 1920, will not be set aside and execution stayed on a petition filed March 11, 1922, where plaintiff presents no excuse for his failure to act earlier, and makes no effort to show that he has a just defense.

**4. Judgment ⬗⟿143(2)—Party complaining of default judgment must show just defense, which he was prevented from presenting by fraud, accident, or mistake.**

One complaining of a default judgment must not only show that he has a just defense to the action, but also that he was prevented from presenting it at the time by some fraud, accident, or mistake, unmixed with negligence on his part.

Appeal from Wichita County Court; Guy, Judge.

Proceeding by D. P. Stoudenmeier to enjoin an execution to enforce a judgment against him and others in favor of the First National Bank of Wichita Falls. From a judgment dissolving a writ of injunction, plaintiff appeals. Affirmed.

T. F. Hunter and E. E. Fisher, both of Wichita Falls, for appellant.

Wayne Somerville, of Wichita Falls, for appellee.

CONNER, C. J. This is a proceeding by appellant to enjoin an execution issued to enforce a judgment of the county court in favor of the appellee bank against appellant and others. The grounds alleged in the petition for the writ of injunction are to the effect that the petitioner and other defendants had not been served with a copy of an amended petition, filed by the bank seeking to recover judgment against one W. L. Anthony; that after the filing of the bank's suit, on to wit: June 8, 1920, a judgment by default was rendered against appellant and others with a writ of inquiry awarded; that at the time of such judgment the judge who so acted had not qualified by taking the oath of office as prescribed by the Constitution, and by giving bond as required by the statutes. A writ of injunction seems to have issued upon the petition which was afterwards dissolved, and this appeal is prosecuted from the judgment of dissolution.

[1] We think the judgment may well be affirmed without extended discussion upon the reasoning and authorities cited in appellee's brief. It appears from the record that the bank's suit was upon a promissory note executed by appellant, Lee Carter, and L. S. Brannon, which had been assigned to the bank by W. L. Anthony, the payees; that the amended petition, of which appellant complains because he was not served therewith, was substantially identical with the original petition, except that in the amended petition there was a prayer for judgment against Anthony as an indorser. Appellant and other defendants were duly cited to answer the original petition, and we know of no authority which would require them to be served with the amended petition, of which Anthony does not appear to have made any complaint. As against appellant and the other original defendants, it is clear that no new cause of action was presented. The original petition declares that Anthony had indorsed the note to the bank and the only effect of the amendment was to authorize the court to render judgment against Anthony as indorser, and he alone, if any one, could complain.

[2] It further appears that the judge who rendered the judgment by default with writ of inquiry had not, on the 8th day of June, fully qualified by taking the oath of office and giving the bond as required by law, but he did so within a few days thereafter and before final judgment was entered in the bank's favor. As pointed out in appellee's brief, the bank's suit being predicated upon an instrument in writing, the writ of inquiry performed no useful office, and the court was fully authorized thereafter, regardless of that proceeding, to enter the final judgment as he did a month or more later, at a time when, without question, he was qualified. We think the proceedings

complained, of at most, constituted mere irregularities that are not available save by appeal or writ of error. See Denson v. Taylor (Tex. Civ. App.) 132 S. W. 811; Slaughter v. Am. Baptist Publication Society (Tex. Civ. App.) 150 S. W. 224.

[3, 4] In addition to what had been said by appellee in his brief, and to what we have already stated hereinabove, we will add that the judgment on which appellant complains, was rendered on July 21, 1920, and that this proceeding to set aside that judgment and stay execution thereon was filed on the 11th day of March 1922. Appellant presents no excuse for his failure to earlier seek to set aside the judgment, nor does he make any effort to show that he has a just defense against the debt declared upon by the bank, and it is well settled that a party complaining of a judgment must not only show that he has a just defense to the action, but also that he was prevented from presenting such a defense at the time by some fraud, accident or mistake, unmixed by negligence on his part. See Drinkard v. Jenkins (Tex. Civ. App.) 207 S. W. 353; Wichita County Lumber Co. v. Maer (Tex. Civ. App.) 235 S. W. 990.

We conclude that the trial court's findings of fact and conclusions of law should be adopted, and the judgment is affirmed.