[Civil No. 2838. Filed December 16, 1929.]

[283 Pac. 279.]

E. A. WORDEN, Appellant, v. I. E. GARTIN, Appellee.

Mr. George O. Hilzinger, for Appellant.

Mr. Frederick A. Shaffer and Mr. Graham Foster, for Appellee.

ROSS, J.—I. E. Gartin, who is appellee here, brought this action against appellant, E. A. Worden, and others to quiet title to certain mining claims situated in Gila county, Arizona. All the defendants except appellant, Worden, suffered judgment to be taken by default. Appellant answered the complaint, and appeared at the trial in person and by attorney, resisting the action. Appellee submitted evidence showing that he deraigned title through a judgment of the superior court of Gila county, dated November 24th, 1926, in the case of *I. E. Garten* v. *Seventy Nine Mining Company, Selim M. Franklin, and E. A. Worden* (cause No. 5642–B), foreclosing a mechanic's lien against said mining company, such evidence consisting of the judgment-roll and a deed by the sheriff of Gila county conveying said mining property to the present appellee. What the appellant's evidence was we have no means of knowing as the transcript of the reporter's notes is not made a part of the record and there is no statement of facts or bill of exceptions.

The judgment was that the title of appellee to the mining claims be quieted.

The appellant makes three assignments of error but in the opening sentence of his brief and argument thereon he says:

"There is really only one proposition of law involved in all of the assignments of error . . . and that is as to the legal sufficiency of the proceedings had, and as shown by the judgment roll therein (No. 5642–B), in the suit for the foreclosure of Gartin's lien."

He now claims the judgment in cause No. 5642–B shows upon its face the court rendering it was without jurisdiction of the subject matter or the defendants Seventy Nine Mining Company and Franklin, and is therefore void and should not have been admitted in evidence. The basis of this claim is that the complaint in said cause was amended and judgment by default entered thereon without serving defendants Seventy Nine Mining Company and Franklin with a copy of the amended complaint. The amendment consisted of bringing in an additional party defendant (the present appellant), but in no other respect was the complaint changed.

Our statute on amendments of pleadings is very liberal, and extends to the adding of new parties (21 R. C. L. 584, § 134) as much as to the substance of the cause of action. Paragraph 422, Civil Code of 1913, as amended by chapter 14 of the Laws of 1925. The amendment to the complaint was made before trial, and did not need the consent of the court. If no change was made in the complaint except to add another defendant, we cannot conceive of any reason for serving the original defendants with a copy of the amended complaint showing such added defendant, and the failure to do that is appellant's ground for saying the court was without jurisdiction. The amendment was only formal so far as the original

defendants were concerned. Formal amendments do not require service upon parties already properly before the court. *Hedican* v. *Pennsylvania Fire Ins. Co.*, 21 Wash. 488, 58 Pac. 574.

It is also claimed that what was done was the institution of a new action and the abandonment of the original. The amended complaint received the same calendar number as the original, was filed in that action, and clearly shows its only purpose was to bring into the litigation a new party defendant. The method adopted was not perhaps the one that should have been followed. It doubtless would have been more regular for plaintiff to have made application to the court for an order to bring the additional defendant into the case, as provided in paragraph 409 of the Civil Code of 1913, and served process under the court's direction, but the method pursued was at most a mere irregularity in no manner prejudicing the appellant. If anyone was harmed thereby, it was the Seventy Nine Mining Company and Selim M. Franklin, the original defendants, but they are not complaining.

As before stated, the testimony is not in the record, and there is no properly preserved exception to the admission of the judgment-roll in cause No. 5642-B. In the minutes of the court it is recited that defendant objected to the introduction of the judgment-roll, but the grounds of such objection are not given. Another thing, we do not understand that exceptions to the rulings of the court can be preserved in that way. They must appear in the reporter's transcript of the testimony, the statement of facts or the bill of exceptions, depending upon which one of these methods is adopted to bring the trial court proceedings here.

Appellate courts will not review rulings of the trial court unless such rulings were excepted to and such exceptions properly preserved and presented.

For the reasons above set forth, the judgment of the lower court is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.