WALDECKER, et al, Respondents, v. WOLFF, et al, Appellants

(26 N. W.2d 78.)

(File No. 8886. Opinion filed February 6, 1947.)

**Frank P. Kinney,** of Lemmon ,for Arthur C. Wolff, as successor in interest of defendant, J. L. Lehew, interpleader, defendant and Appellant.

**H. R. Jackson,** of Lemmon, for plaintiffs and Respondents.

RUDOLPH, J. This is an action to quiet title to certain tracts of land in Perkins County brought by several plaintiffs under the provisions of Chap. 162, Laws of 1945. This 1945 law provides: "Any number of persons may be joined as plaintiffs, where one or more defendants are proper defendants as to all such plaintiffs, without regard to whether all plaintiffs have an interest in all real estate inivolved, * * * ". Only one of the tracts of land to which the action relates is involved in this appeal. This particular tract was owned

by one J. L. Lehew. The county obtained a tax deed to this land in March 1944. It appears without dispute in the record that J. L. Lehew resided in Pawnee, Oklahoma. This fact was set forth in the affidavit for publication of the summons, and copies of the summons and complaint were mailed to Lehew properly addressed with the postage prepaid. It is established by the record that the summons and complaint were properly served upon Lehew in the manner provided by SDC 33.0812 and 33.0813. This service was completed upon the 14th day of March 1946 and time within which to answer commenced to run the day next following. Prior to the expiration of the time to answer, three of the named defendants were dropped from the action and an additional defendant added, and the summons and complaint were thereafter not served upon Lehew. None of the defendants who were dropped nor the additional defendant ever had any interest in the land to which this appeal relates, but their interests had to do entirely with other lands involved in this joint complaint. On April 27, 1946, affidavit of default and of military status was filed with the court as to all defendants except the additional defendant who had been brought into the action. Proof was submitted and the court made findings of fact and conclusions of law, and entered a partial judgment quieting title in the plaintiffs as their interests appeared in all the land involved excepting that land with which the additional defendant was concerned.

On May 8, 1946, Arthur C. Wolff, this appellant, recorded a quitclaim deed to the Lehew land, executed by Lehew on March 23, 1946 and conveying to Wolff all of Lehew's interest in the land. Thereafter, on May 9, 1946, by order to show cause appellant sought to have the judgment set aside and he be permitted to serve and file an answer to the complaint. In this proceeding appellant contended that it was incumbent upon the plaintiffs to re-serve the summons and complaint upon Lehew after the new defendant was added. However, this proceeding was delayed and heard by the court with a second order to show cause that was issued wherein appellant sought the same relief as he sought in his

first proceeding. The court refused to set aside the judgment it had entered with regard to the Lehew land, and Mr. Wolff has appealed.

To support the second proceeding appellant submitted a proposed answer wherein he set forth his acquisition of Lehew's interest on March 23, 1946, and alleged that the tax deed "and the Notice, sale and levy proceeding the issuance of the same, by reason of numerous, irregularities and Statutory evasions, is wrongfully, without jurisdiction and of no force and effect * * *." In addition to the proposed answer appellant submitted certain affidavits wherein he sought to make a showing under the provisions of SDC 37.1514, as amended by Chap. 138, Laws of 1943, which permits the court, in its discretion, at any time within two years after the entry of judgment, to relieve a defendant from the judgment "if taken against him through his mistake, inadvertence, surprise, or excusable neglect, * * *."

■ It appears from the record that neither the adding of an additional defendant nor dropping of other defendants from the action affected in any way the cause of action stated against Lehew. Appellant cannot, therefore, complain because the amended complaint was not served on Lehew. Stoudenmeir v. First National Bank, Tex. Civ. App., 246 S. W. 761; Worden v. Gartin, 36 Ariz. 92, 283 P. 279; 47 C. J., Parties, p. 144.

From the affidavits it appears that at the time appellant acquired the quitclaim deed from Lehew he was advised of the pending action to quiet title to the premises. He, therefore, knew or should have known that he was acquiring a lawsuit, and that it was incumbent upon him to become a party to the litigation and assert his alleged rights. However, appellant contends that he was advised by a North Dakota attorney, one James A. Clement, that until the amended complaint showing the additional defendant was served upon Lehew it was not necessary for him to serve an answer or appear. Appellant's present counsel submits several affidavits; in the first he states as follows: "he (present counsel) was in charge of this matter for the said Arthur C. Wolff

at the time of the entry of said Order to amend said pleadings * * *." In another affidavit he says: "that before time to answer had expired herein, he corresponded with the said James A. Clement and stated he thought the time for answer was about to terminate, the said James A. Clement stated that there had been amended pleadings filed herein and that time to answer would not terminate until said Amended Pleading were served and the jurisdictional period terminate. Affiant further states that he cautioned client as to this and insisted that the Deed be recorded and answer interposed herein, * * *." Just why appellant did not want to appear. in the proceeding before the time Lehew was required to answer does not appear, but certainly he had time and opportunity so to do, and appellant's counsel, who, according to his own affidavit, was then "in charge of this matter for the said Arthur C. Wolff", "insisted" that he make such appearance.

 In view of counsel's affidavit wherein it is stated that appellant was "cautioned" and counsel "insisted" that it was necessary to appear in the action before the time for Lehew to answer expired, it can hardly be contended that appellant was justified in relying upon the opinion of the North Dakota attorney, but if it be so contended such contention cannot aid appellant in view of this court's holding that erroneous legal advice honestly believed constitutes a mistake of law and furnishes no ground for setting aside a judgment. Keenan v. Daniells, 18 S. D. 102, 99 N. W. 853.

We find nothing in the record upon which to base a holding that the trial judge abused his discretion in refusing to set aside the judgment.

The order appealed from is affirmed.

All the Judges concur.

POLLEY, J. not sitting.