## Commonwealth v. Mosher

*Quinn, Leemhuis, Plate & Dwyer*, for Gladys M. Mosher.

*Gerald A. McNelis*, for petitioner.

EVANS, P. J., August 10, 1954.—This matter is before the court on petition for reduction of a support order and a subsequent motion to amend the petition to aver sterility as a defense against any order of support.

It appears that at the time the original order of support was placed upon defendant, in the amount of $20 per week for the support of two minor children, he pleaded guilty to the charge. Thereafter, on the advice of other counsel subsequently obtained, he raised the question of sterility prior to and during the marriage as complete proof of illegitimacy of the two children. It is averred that this defense was suggested to former counsel who advised defendant that it was of no avail to him in an action of this kind. In Cairgle v. American R. & S. S. Corp., 366 Pa. 249, the court held:

"In order to successfully rebut the presumption of legitimacy, the evidence of non-access or lack of sexual intercourse or impotency must be clear, direct convincing and unanswerable."

Under this authority it would therefore appear that impotency or sterility, as well as nonaccess, if sufficiently proved, might constitute complete defense to an action for support of minor children born to defendant and his wife during the period of wedlock even though the parties were living together. However, it is not necessary for us to so conclude in this case. When defendant appeared before the court and pleaded guilty to the charge of nonsupport and had an order placed against him the matter became res judicata: Com. ex rel. Highland v. Highland, 159 Pa. Superior Ct. 633; Com. ex rel. Soprani v. Soprani, 160 Pa. Superior Ct. 542; Com. v. Sam Deogard, May sessions, 1948, no. 143 (Erie County).

Defendant's counsel earnestly contends that erroneous advice given to defendant by prior counsel as to his legal rights protects defendant from the law re-

garding res judicata which ordinarily would be binding upon him. However, a mistake of law furnishes no ground for setting aside a judgment. Were this not so any adjudication could be attacked after the time for appeal had expired. Erroneous legal advice, honestly believed, comes within this category: Waldecker v. Wolff, 71 S. Dak. 478, 26 N. W. 2d 78.

The amendment to the petition for reduction of the support order must be therefore refused, but a hearing fixed on the petition for reduction as originally filed should be allowed in order to ascertain whether or not the present order should be reduced.

### Order

And now, to wit, August 10, 1954, the rule to show cause granted June 14, 1954, on the petition for the reduction of the support order entered in this case March 26, 1954, is granted, returnable at the August session of nonsupport court. The rule to show cause granted June 22, 1954, on the petition to amend the original petition to include the question of legitimacy or illegitimacy of the children is discharged.