421 P.2d 538

**GOODMAN'S MARKETS, INC., an Arizona corporation, doing business as Goodman's, Appellant,**

v.

**Melva WARD and Randy Ward, husband and wife, Appellees.**

**No. 2 CA–CIV 212.**

Court of Appeals of Arizona.

Dec. 23, 1966.

Ward, her attorney, and a physician appeared before the Superior Court for the purpose of obtaining judgment upon the default. Mrs. Ward and the physician testified concerning her injuries. The defendant did not appear, and the trial judge awarded the plaintiffs $50,000.00, plus costs, the full amount of the prayer.

On August 24, 1965, the defendant moved the Superior Court to set aside the default judgment, filing in support of its motion, affidavits tending to show the circumstances surrounding the entry of default and of an allegedly meritorious defense, together with a memorandum of law. The plaintiffs filed in opposition to the motion, several affidavits and a legal memorandum. The hearing on the motion was held on September 17, 1965, after which the court requested supplemental memoranda. After considering the various affidavits and memoranda, but hearing no oral testimony, the court denied the motion. On October 1, 1965, a memorandum opinion was filed formally denying the defendant's motion.

The plaintiffs based their right to a judgment by default on the failure of the defendant to answer within ten days of the revocation of the open extension of time previously granted. This revocation is claimed to have been accomplished by a letter from the plaintiffs' attorney (sent by ordinary first class mail), in which he referred first to another case, then stated:

"* * * as to the Ward case please file an answer in 10 days or I will have to enter default. I cannot delay this matter any longer and if we cannot settle this matter let us go to court as soon as possible."

The defendant's insurance carrier claimed that it never received this letter.

The question of receipt of the letter of revocation was raised in the hearing on the defendant's motion to set aside the default judgment. In support of the plaintiffs' position that the letter was sent, the affidavits of the plaintiffs' attorney and his

Chandler, Tullar, Udall & Richmond, by D. B. Udall, Tucson, for appellant.

Joseph H. Soble, Tucson, for appellees.

KRUCKER, Chief Judge.

This is an appeal from the refusal of the Superior Court of Pima County to set aside a judgment by default.

On April 15, 1965, a complaint for personal injuries was filed against the defendant, Goodman's Markets, in the amount of $50,000.00. The complaint was duly served upon the defendant's insurance carrier. On May 27 or 28, 1965, the plaintiffs' attorney granted the defendant's insurer (which had taken over the negotiations) a written open extension of time in which to answer.

On June 30, 1965, the plaintiffs' attorney filed an affidavit of default, and the default was entered by the clerk of the Superior Court. On August 11, 1965, Mrs.

secretary were submitted. The attorney's affidavit states in part:

"5. That on or about June 9 or 10 a letter was sent to Mr. Sam Wiggins expressly directing him to have an answer filed within ten (10) days or in the alternative a default would be entered. See plaintiffs' Exhibit A, Xerox copy of file copy of said letter."

The secretary's affidavit describes her regular office practice of typing and mailing letters:

"3. That it is regular practice for her during the regular course of business after typing a letter to have the original copy signed, place it in an envelope addressed to the party so designated in the letter, to stamp said envelope and mail said letter, either on the day so designated or no later than one day after the date designated on the letter.

"4. That she further deposits said envelope containing said letter in the mail depository located in the Phoenix Title Building, Tucson, Arizona."

The defendant, in support of its motion for setting aside the judgment, submitted the affidavit of the branch claims manager of the defendant's insurer which stated that he personally opens all mail from attorneys, that he did not receive the letter, and that it could not be found in the insurance company's files.

Along with the branch claims manager's affidavit, the defendant submitted the affidavit of the insurance company's claims representative, Sam Wiggins, who was in charge of the company's negotiations in the Ward case. He related various exchanges with the plaintiffs' attorney between May 7, 1965, and August 5, 1965. In part, this affidavit states:

"8. That your Affiant met with Mr. Soble at Mr. Soble's office on July 30, at 3 P.M., and at that time was furnished with a statement taken by Mr. Soble from the purported witness Bob Ferrara; that your Affiant was also furnished with the address of said witness and he advised Mr. Soble that he would also take a statement from said witness; that Mr. Soble and your Affiant discussed the claim in general; that Mr. Soble made a settlement demand upon your Affiant in the amount of $4,500.

\* \* \* \* \* \*

"11. That on August 5, 1965, Joseph H. Soble telephoned your Affiant and your Affiant advised him that a statement had been obtained from the witness. \* \* \* Mr. Soble asked for a settlement offer and your Affiant advised him that any offer exceeded his authority, however, if it were his decision he would offer only the amount of the special damages; Mr. Soble then stated that he might as well enter a default; that your Affiant advised Mr. Soble that he had an open extension in which to Answer and Mr. Soble responded by requesting to see such a document."

It is undisputed that the plaintiffs' attorney did continue to negotiate with the defendant's insurer, at least to the extent of furnishing a statement of a witness and of making a demand for $4,500.00 in settlement, as if he had not revoked the extension. He did these things after June 30, when the default was entered by the clerk of the Superior Court. Mr. Soble explains his failure to mention the entry of default by stating in his aforementioned affidavit:

"8. That it was mere inadvertence on the part of the Affiant in having overlooked the filing of his Affidavit of Default on June 30, 1965 and in not having taken judgment prior to that date.

\* \* \* \* \* \*

"9. That Affiant did not examine his file and find said Affidavit of Default until on or about August 5, 1965."

The appellant's contention is that the trial judge abused his discretion by refusing to set aside the default judgment on the grounds of mistake, inadvertence or excusable neglect under Rule 60(c), Arizona Rules of Civil Procedure, 16 A.R.S.

We are compelled to agree. Ordinarily, the trial judge's discretion on

these matters will not be reversed on appeal. Kohlbeck v. Handley, 3 Ariz.App. 469, 415 P.2d 483 (1966); Prell v. Amado, 2 Ariz.App. 35, 406 P.2d 237 (1965); Gillette v. Lanier, 2 Ariz.App. 66, 406 P.2d 416 (1965). A trial judge is generally in a much better position than an appellate court to decide issues of fact, but the exception to this rule, where a decision is reached purely on documentary evidence, obtains in this case. See DeSantis v. Dixon, 72 Ariz. 345, 236 P.2d 38, 44 A.L.R.2d 513 (1951); Mann v. Hennessey, 2 Ariz. App. 438, 409 P.2d 597 (1966); 5A C.J.S. Appeal & Error § 1660; 5 Am.Jur.2d § 823. In deciding that the trial court abused its discretion, we do not rely simply upon a different evaluation of the veracity of the affidavits submitted to the trial court, but upon a finding that the totality of the circumstances revealed by them shows a situation in which a judgment by default is clearly unjust.

It is dubious whether the affidavits produced by the plaintiffs to prove receipt of the letter of revocation of the time extension are sufficient in law to raise that presumption. The affidavit of Mr. Soble makes no statement other than that "a letter was sent" to the defendant's insurer. The affidavit of his secretary does not state that she personally mailed the letter. Neither does Mr. Soble state that he dictated or signed the particular letter claimed as Plaintiffs' Exhibit A. Mr. Soble's secretary makes no such mention of this particular letter but merely describes her usual office practice. There are cases, of course, which hold that proof of office routine plus proof that a letter was actually written will suffice to establish a presumption of receipt. E. g. J. I. Case Co. v. Sinning Bros. Motor Co., 137 Kan. 581, 21 P.2d 328 (1933); Mohr v. Universal C.I.T. Credit Corp., 216 Md. 197, 140 A.2d 49 (1958). The majority rule appears to be, however, that corroborating circumstances must support the inference that the custom has been carried out. 31A C.J.S.

Evidence § 136c., p. 295. If it can be said that the affidavits of Mr. Soble and his secretary are legally sufficient to establish the presumption of receipt, the defendant's denial thereof might form an issue of fact for the trial judge to resolve. 31A C.J.S. Evidence § 136e. If there had been nothing further in this case, we would be extremely reluctant to disturb the trial court's ruling of no excusable neglect. But we cannot ignore the undisputed fact that the plaintiffs' attorney continued to negotiate with defendant's representatives who appeared to be unaware of the revocation of the open extension of time to answer. Plaintiffs' counsel did not mention the letter of revocation in these settlement discussions. He supplied a statement and demanded settlement of $4,500.00. In addition to the admitted negotiations, we have the alleged letter of revocation, sent by ordinary mail, which was primarily concerned with another case. While we cannot say as a matter of law that this method of communication is insufficient the lack of formality of the purported revocation of the written extension of time to answer is one of the circumstances which have impelled us to the result reached here.

While we do not have reason to disbelieve the plaintiffs' attorney's explanation of his actions, we do feel that enough of a doubt is raised by the circumstances surrounding this case that it should be resolved in favor of a trial on the merits. See Marquez v. Rapid Harvest Co., 99 Ariz. 363, 409 P.2d 285 (1965); Coconino Pulp and Paper Company v. Marvin, 83 Ariz. 117, 317 P.2d 550 (1957); Rawlins v. Wilson, 66 Ariz. 267, 187 P.2d 322 (1947).

Accordingly, the ruling of the trial court is reversed, the entry of default judgment is set aside, and the case is remanded to the Superior Court of Pima County, Arizona, for further proceedings.

HATHAWAY and MOLLOY, JJ., concur.