580 P.2d 376

**PARAGON BUILDING CORPORATION, a corporation, Appellant,**

v.

**Ed TURNER, a married man, Appellee.**

**No. 2 CA–CIV 2733.**

Court of Appeals of Arizona, Division 2.

April 25, 1978.

Rehearing Denied May 17, 1978.

Review Denied June 13, 1978.

Murphy & Hazlett by Scott Goering, Carl E. Hazlett and James M. Murphy, Tucson, for appellant.

Soble & Cole, P. C., by Joseph H. Soble, Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

This appeal is from a default judgment entered against appellant in the sum of $65,000, upon appellee's complaint for personal injuries allegedly resulting from a slip and fall on appellant's premises on September 7, 1973. Appellant contends that the trial court was without jurisdiction to enter the judgment and that it must be vacated.

Appellee's complaint was filed in superior court in Pima County on January 3, 1975, and process was served on appellant on January 6, 1975. An open extension to answer the complaint was secured from appellee's counsel on January 23, 1975. An amended complaint naming additional defendants identified fictitiously in the original complaint, but otherwise identical to the original, was filed on February 21, 1975. The amended complaint was never served on appellant.

The record indicates that communication took place between counsel concerning extensions of time for answering and requests that response be made. Default was entered against appellant on June 16, 1976, and judgment was entered thereon on September 28, 1976.

On April 8, 1977, appellant moved pursuant to 16 A.R.S., Rules of Civil Procedure, Rule 60(c)(4), to set aside the judgment as void because appellant was never served with the amended complaint. Appellant's position was that the amended complaint superseded the original and since it was not served on appellant the court never acquired jurisdiction upon which to base the default judgment. It was further argued that the time to file a responsive pleading had not lapsed at the time of entry of default because time to file the responsive pleading began to run only upon service of the amended complaint. 16 A.R.S., Rules of Civil Procedure, Rule 15(a)(2). No question was raised in the trial court nor on appeal concerning counsel for the appellee not honoring extensions for answering or excusable neglect for failure to answer. We decline to go beyond the questions presented to the trial court and on appeal to surmise what materials and arguments might have been advanced had such questions been raised.

The trial court denied appellant's motion to set aside the default judgment on the basis of *Worden v. Gartin*, 36 Ariz. 92, 283 P. 279 (1929). We agree with that ruling.

Appellant questions on appeal (1) whether the amended complaint superseded the

original; (2) whether the amended complaint was required to be served on appellant; (3) whether service of the amended complaint was effected on appellant and (4) whether the trial court abused its discretion in refusing to set aside the default judgment under 16 A.R.S., Rules of Civil Procedure, Rule 60(c)(4). Our resolution of the first two questions adversely to appellant is dispositive of the latter two.

Appellant cites several cases, including *Campbell v. Deddens*, 21 Ariz.App. 295, 518 P.2d 1012 (1974), for the proposition that an amended complaint supersedes the original. We said there, that where ". . . a complaint is amended in a material way . . a defendant has a right to plead *de novo* to the amended complaint . . . ." 21 Ariz.App. at 297, 518 P.2d at 1014. We further stated:

> "When respondent filed an amended complaint, such pleading superseded his original complaint which then became *functus officio.* [citations omitted] Since the amended complaint took the place of the original, all subsequent pleadings are based on the amended complaint." 21 Ariz.App. at 297, 518 P.2d at 1014.

We held that the defendant's answer to the amended complaint became his first responsive pleading to the merits even though he had responded to the original complaint, and the time for a motion for change of venue must be calculated from the time of the amended complaint. The case is inapposite to the situation before us where it must be conceded that the amended complaint dealt with formalities, i. e., the naming of the fictitious defendants.

*Worden v. Gartin,* supra, is squarely against appellant's position. The court there held:

> "If no change was made in the complaint except to add another defendant, we cannot conceive of any reason for serving the original defendants with a copy of the amended complaint showing such added defendant, and the failure to do that is appellant's ground for saying the court was without jurisdiction. The amendment was only formal so far as the original defendants were concerned. Formal amendments do not require service upon parties already properly before the court." 36 Ariz. at 95–96, 283 P. at 280.

Appellant argues that the facts in *Worden* distinguish it from the instant case. Although the appellant in *Worden* was the party added by the amended complaint, and his challenge on appeal went to the failure to serve the amended complaint on the other defendants against which a default had been taken, we believe the distinction is without substance, even when we consider the court's comment directed to our attention by appellant that:

> "If anyone was harmed thereby, it was the Seventy Nine Mining Company and Selim M. Franklin, the original defendants, but they are not complaining." 36 Ariz. at 96, 283 P. at 280.

This strikes us as an offhand comment and not nearly as significant as the court's earlier statement which we have previously set forth. Likewise, we find no reason for appellant to find comfort in the following passage it quotes from *Collins v. Streitz,* 47 Ariz. 146 at 153, 54 P.2d 264 at 267 (1936):

> "It is, of course, true as a general proposition of law, that the original complaint performs no further function as a pleading when an amended complaint is filed, because the latter usually sets up a new cause of action, modifies the one already pleaded, *or brings in a new party or parties,* but it does not supersede the original in every particular. The original is still a part of the record for some purposes, for instance, to determine when an action was commenced, if limitation is pleaded, or whether a new cause of action is stated. . . . *And, there is no reason why the plaintiff, if he desires to have an amended complaint dismissed and proceed on the original, may not do so, provided the defendant is in no way prejudiced and the court consents."* (Emphasis added)

Appellant contends that under *Collins* the mere addition of a party was sufficient to constitute an amended complaint superseding the original and that under

such circumstances, a plaintiff must withdraw his amended complaint in order to reinstate the original. We do not read *Collins* in this fashion, but rather find the court's view in keeping with the proposition that a plaintiff may dismiss the amended complaint and proceed on the original so long as there is no prejudice to the defendant and such course of action is permitted by the court.

▆▆▆▆ The basic principle of law that jurisdiction is obtained over a defendant upon service of the original summons and complaint has been stated in *Fashion Novelty Corporation of New Jersey v. Cocker Machine and Foundry Company*, 331 F.Supp. 960 at 962 (D.N.J.1971), as follows:

"The requirement that the summons accompany the 'original complaint' is also significant: it is at this point that the court acquires jurisdiction over the person of the defendant. 2 Moore, Federal Practice, § 4.03 at 961 (1970). Jurisdiction here having been acquired over the defendant when the 'original complaint' was served with summons, there is no requirement that it be reasserted by a second summons."

16 A.R.S., Rules of Civil Procedure, Rule 5(a), deals specifically with service subsequent to the original complaint. It provides:

"Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. *No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon*

*them in the manner provided for service of summons in Rule 4.*" (Emphasis added)

The emphasized portion of the rule covers the situation in the instant case. Although a formal default had not been taken against appellant at the time the amended complaint was filed, appellant was in default in that the time had passed for answering the original complaint and no answer had been filed. Appellee maintains that the answer was not forthcoming despite repeated requests that it be filed. No new or additional claims for relief having been asserted against appellant, there was no necessity to serve the amended complaint upon it. We find no abuse of discretion in the trial court's refusal to set aside the default judgment.

Affirmed.

HOWARD, J., concurs.

RICHMOND, Chief Judge, dissenting:

Although I cannot disagree with the legal reasoning expressed by the majority, I would hold the judgment void on the ground that appellant was not in default at the time the judgment was entered, see *Phoenix Metals Corporation v. Roth*, 79 Ariz. 106, 284 P.2d 645 (1955), because the open extension of time to answer the complaint had never been effectively revoked.

I reach this conclusion, despite appellant's failure to urge the theory on which it is based, because the totality of the circumstances revealed by the undisputed facts shows a situation in which a judgment by default is clearly unjust. See *Goodman's Markets, Inc. v. Ward*, 4 Ariz.App. 456, 459, 421 P.2d 538, 541 (1966). Appellant has been unlawfully deprived of its right to be heard on the merits by the manner in which the default judgment was obtained no less effectively than it would have been by the "comedy of errors" described in *Roth*, or the lack of service of an amended complaint, as in *Gila Valley Electric, Gas & Water Company v. Arizona Trust and Savings Bank*, 25

Ariz. 177, 215 P. 159 (1923).[1] Those undisputed facts are as follows.

The "repeated requests" for an answer, to which the majority opinion alludes, began with two letters to the corporate attorney for appellant to whom the open extension had been granted. The first, dated August 29, 1975, stated:

"I have had no success whatsoever in locating the insurance company for all the Urban Design Corporations and their affiliates. Would you please file an Answer and/or Cross-claim so that we might proceed in this matter. I have served the trustee in bankruptcy by the sheriff. Hopefully, that will put them in the lawsuit.

"Thank you very much for your attention to this matter."

The next, dated September 9, 1975, stated simply:

"Would you please file an Answer on behalf of your client in the above-entitled action."

Thereafter, however, according to his affidavit, appellee's attorney communicated with a different lawyer, John U. Vinson of the firm of Murphy, Vinson & Hazlett, who "informed him that he was authorized to accept any and all pleadings which had been filed in the action and that he would be responsible for filing a responsive pleading." Vinson by letter dated October 2, 1975, advised "that he would have an Answer filed within the next several weeks." On October 17, 1975, appellee's attorney wrote to Vinson as follows:

"Dear John:

"Please find enclosed herewith in the referenced matter, a copy of the Complaint and a copy of the Amended Complaint. Would you please file an Answer.

"Paragon Building Corporation, the party which are [sic] representing was served on January 6, 1975."

Appellee's attorney concedes that he never attempted to communicate with either Vinson or any other lawyer in Vinson's firm between the date of that letter and the entry of default on June 16, 1976. During that period of time the following occurred:

1. Vinson's participation in the firm's law practice diminished during the remainder of 1975 because of his ill health.

2. On January 1, 1976, the partnership of Murphy, Vinson & Hazlett was dissolved, and a successor partnership was created under the name of Murphy & Hazlett.

3. During the first half of June 1976, the month in which the default was entered, John U. Vinson died.

Appellee's attorney denies knowledge of any of those developments. Nevertheless, in the absence of any notice of a date certain on which the open extension would terminate,[2] and any attempt to communicate with Vinson or his office to find out why no answer had been filed in response to the October 17 letter, I would hold the extension never was revoked; as a result appellant was not in default at the time the judgment was entered; the judgment, therefore, was void, and the case should be remanded for determination on the merits.

I dissent.

---

1. In such instance, no showing of a meritorious defense is required. *Gila Valley Electric, Gas & Water Company v. Arizona Trust and Savings Bank*, supra.

2. In *Goodman's Market, Inc.*, supra, the letter of revocation expressly afforded 10 days in which to file an answer. Even so, the lack of formality of the purported revocation was one of the circumstances on which the court relied in setting aside the default judgment. 4 Ariz. App. at 459, 421 P.2d at 541.