COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-172-CR

 

EX PARTE 

 

 

 

LEONARD R. DORSETT

                                                                                                        

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Leonard R. Dorsett,
pro se,  appeals from the trial court=s denial of his application for writ of habeas corpus in which
Appellant challenged his conviction and $156.00 fine by a municipal court for a
traffic violation.  The gist of Appellant=s complaint is that his municipal court judgment is void because the
municipal judge did not have a current oath of office on file when he signed an
AOrder Setting Pre-Trial Hearing.@  We affirm.








                                            Background

The following facts are drawn
from the allegations in Appellant=s application for writ of habeas corpus and the documents attached to
it.  Appellant was cited for driving
without a valid motor vehicle inspection sticker in Grapevine, Texas.  On February 22, 2005, Grapevine municipal
judge David Florence signed an AOrder Setting Pre-Trial Hearing@ for April 7, 2005.  On April 5,
Appellant filed AMotion to
Quash Charge in Misdemeanor as a Matter of Law@ because Judge Florence did not have a current oath of office on file;
the judge=s last oath
of office on file was dated May 5, 1998. 
On April 6, 2005, Judge Florence swore a new oath of office.  At a hearing on April 7, Judge Florence
denied Appellant=s motion to
quash and provided him with a copy of the new oath of office.  Appellant=s traffic citation was tried before Judge Florence on October 27,
2005, and the court convicted Appellant and assessed a fine of $156.00.  By letter dated March 7, 2006, Judge Florence
notified Appellant that he would issue a capias warrant for Appellant=s arrest if he did not pay the fine and court costs by April 10, 2006.[2]









Appellant filed an
application for writ of habeas corpus in a Tarrant County district court on
April 12, 2006, claiming that he was illegally restrained against his liberty
by the municipal court=s threat to
issue a capias warrant and that the judgment was void because Judge Florence
did not have an oath of office on file when he signed the order setting the
pretrial hearing.  The district court
signed an order on April 24, 2006, stating that A[t]he Court, having examined the pleadings of Petitioner, finds that
it is manifest from the petition itself and the documents annexed to the
petition . . . [that] Petitioner is entitled to no relief whatever.@  See Tex. Code Crim. Proc. Ann. art. 11.15
(Vernon 2005) (providing that writ of habeas corpus shall be granted without
delay Aunless it be manifest from the petition itself, or some documents
annexed to it, that the party is entitled to no relief whatever.@).  This appeal followed.

                                             Discussion

Our constitution requires all
elected and appointed officials to take an oath of office before assuming the
official duties of their office.  Tex. Const.  art. XVI, ' 1.  The acts of a judge who has
not taken the oath of office are void.  French
v. State, 572 S.W.2d 934, 939 (Tex. Crim. App. 1977) (op. on reh=g).








The City of Grapevine code of
ordinances provides that the judge of the Grapevine municipal court serves a
four-year term.  Grapevine, Tex., Ordinances  ' 8-2(g) (2006); see Tex.
Govt. Code Ann. ' 29.005 (Vernon 2004) (providing that municipal court judges serve
two-year terms unless the municipality provides for a longer term).  According to the Grapevine code of
ordinances, Judge Florence was appointed to his office effective May 5,
2001.  Grapevine,
Tex., Ordinances  ' 8-2(f) (2006).  We assume from
the existence of his May 5, 1998 oath that this was not his first
appointment.  In any event, Judge
Florence=s term of office and oath would have expired before he signed the
February 22, 2005 Order Setting Pre-Trial Hearing.

Appellant argues that his
conviction is void because Judge Florence did not have a current oath on file
when the signed the Order Setting Pre-Trial Hearing.  We disagree.

Judge Florence swore a new
oath on April 6, 2005, months before Appellant=s trial and conviction.  Even if
Judge Florence lacked authority to enter the order setting the pretrial hearing
before he swore the new oath, he had the authority to try and convict Appellant
and render judgment after he swore the new oath.  Appellant utterly fails to explain why the
judgment itself, as opposed to the order setting the pretrial hearing, is void.








To the extent that Appellant=s argument could be construed to mean that the municipal court lacked
jurisdiction to try him because Judge Florence did not have a current oath on
file when he signed the order setting the pretrial hearing, Appellant Afail[s] to perceive a difference between jurisdiction and authority
and between the institution of the court and the person acting for it.@  Davis v. State, 956
S.W.2d 555, 558 (Tex. Crim. App. 1997).  AUnlike the subject matter jurisdiction of the court, the power or
authority of the person presiding over the court is not jurisdictional[.]@ Id. at 559.

In 1922, this court held that
a judgment was not void when a trial judge failed to take the oath of office
before issuing a Awrit of
inquiry@ but did take the oath of office before entering a final
judgment.  Stoudenmeier v. First Nat=l Bank of Wichita Falls, 246 S.W.
761, 761-62 (Tex. Civ. App.CFort Worth 1922, no writ). 
Though the years lie upon that case as thick as autumn leaves, neither
passage of time nor permutation of law have altered the fundamental precept for
which it stands.  Because Judge Florence
renewed his oath of office before he entered judgment against Appellant, he had
authority to enter the judgment, and the judgment is not void. 

We therefore hold that the
district court did not err by concluding that Appellant was entitled to no
relief on his application for writ of habeas corpus, and we affirm the district
court=s order.

 

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 14, 2006











[1]See Tex. R. App. P. 47.4.





[2]For
the sake of argument, we will assume without deciding that the threat to issue
a capias warrant is Aconstructive
custody@ or Arestraint@ as
contemplated by the code of criminal procedure. 
See Tex. Code Crim. Proc.
Ann. arts. 11.21, 11.22 (Vernon 2005). 
There is no proof in the record that the warrant actually issued or that
Appellant has been arrested.