COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-172-CR

EX PARTE 

LEONARD R. DORSETT

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Leonard R. Dorsett, pro se,  appeals from the trial court’s denial of his application for writ of habeas corpus in which Appellant challenged his conviction and $156.00 fine by a municipal court for a traffic violation.  The gist of Appellant’s complaint is that his municipal court judgment is void because the municipal judge did not have a current oath of office on file when he signed an “Order Setting Pre-Trial Hearing.”  We affirm.

Background

The following facts are drawn from the allegations in Appellant’s application for writ of habeas corpus and the documents attached to it.  Appellant was cited for driving without a valid motor vehicle inspection sticker in Grapevine, Texas.  On February 22, 2005, Grapevine municipal judge David Florence signed an “Order Setting Pre-Trial Hearing” for April 7, 2005.  On April 5, Appellant filed “Motion to Quash Charge in Misdemeanor as a Matter of Law” because Judge Florence did not have a current oath of office on file; the judge’s last oath of office on file was dated May 5, 1998.  On April 6, 2005, Judge Florence swore a new oath of office.  At a hearing on April 7, Judge Florence denied Appellant’s motion to quash and provided him with a copy of the new oath of office.  Appellant’s traffic citation was tried before Judge Florence on October 27, 2005, and the court convicted Appellant and assessed a fine of $156.00.  By letter dated March 7, 2006, Judge Florence notified Appellant that he would issue a capias warrant for Appellant’s arrest if he did not pay the fine and court costs by April 10, 2006.
(footnote: 2) 

Appellant filed an application for writ of habeas corpus in a Tarrant County district court on April 12, 2006, claiming that he was illegally restrained against his liberty by the municipal court’s threat to issue a capias warrant and that the judgment was void because Judge Florence did not have an oath of office on file when he signed the order setting the pretrial hearing.  The district court signed an order on April 24, 2006, stating that “[t]he Court, having examined the pleadings of Petitioner, finds that it is manifest from the petition itself and the documents annexed to the petition . . . [that] Petitioner is entitled to no relief whatever.”  
See 
Tex. Code Crim. Proc. Ann.
 art.
 
11.15 (Vernon 2005) (providing that writ of habeas corpus shall be granted without delay “unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever.”).  This appeal followed.

Discussion

Our constitution requires all elected and appointed officials to take an oath of office before assuming the official duties of their office.  
Tex. Const. 
 art. XVI, § 1.  The acts of a judge who has not taken the oath of office are void.  
French v. State,
 572 S.W.2d 934, 939 (Tex. Crim. App. 1977) (op. on reh’g).

The City of Grapevine code of ordinances provides that the judge of the Grapevine municipal court serves a four-year term.  
Grapevine, Tex., Ordinances 
 § 8-2(g) (2006); 
see 
Tex. Govt. Code
 
Ann.
 § 29.005 (Vernon 2004) (providing that municipal court judges serve two-year terms unless the municipality provides for a longer term).  According to the Grapevine code of ordinances, Judge Florence was appointed to his office effective May 5, 2001.  
Grapevine, Tex., Ordinances 
 § 8-2(f) (2006).  We assume from the existence of his May 5, 1998 oath that this was not his first appointment.  In any event, Judge Florence’s term of office and oath would have expired before he signed the February 22, 2005 Order Setting Pre-Trial Hearing.

Appellant argues that his conviction is void because Judge Florence did not have a current oath on file when the signed the Order Setting Pre-Trial Hearing.  We disagree.

Judge Florence swore a new oath on April 6, 2005, months before Appellant’s trial and conviction.  Even if Judge Florence lacked authority to enter the order setting the pretrial hearing before he swore the new oath, he had the authority to try and convict Appellant and render judgment after he swore the new oath.  Appellant utterly fails to explain why the judgment itself, as opposed to the order setting the pretrial hearing, is void.

To the extent that Appellant’s argument could be construed to mean that the municipal court lacked jurisdiction to try him because Judge Florence did not have a current oath on file when he signed the order setting the pretrial hearing, Appellant “fail[s] to perceive a difference between jurisdiction and authority and between the institution of the court and the person acting for it.”  
Davis v. State
, 956 S.W.2d 555, 558 (Tex. Crim. App. 1997).  “Unlike the subject matter jurisdiction of the court, the power or authority of the person presiding over the court is not jurisdictional[.]” 
Id.
 at 559.

In 1922, this court held that a judgment was not void when a trial judge failed to take the oath of office before issuing a “writ of inquiry” but did take the oath of office before entering a final judgment.  
Stoudenmeier v. First Nat’l Bank of Wichita Falls
, 246 S.W. 761, 761-62 (Tex. Civ. App.—Fort Worth 1922, no writ).  Though the years lie upon that case as thick as autumn leaves, neither passage of time nor permutation of law have altered the fundamental precept for which it stands.  Because Judge Florence renewed his oath of office before he entered judgment against Appellant, he had authority to enter the judgment, and the judgment is not void. 

We therefore hold that the district court did not err by concluding that Appellant was entitled to no relief on his application for writ of habeas corpus, and we affirm the district court’s order.

ANNE GARDNER

JUSTICE

PANEL F: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 14, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
For the sake of argument, we will assume without deciding that the threat to issue a capias warrant is “constructive custody” or “restraint” as contemplated by the code of criminal procedure.  
See
 
Tex. Code Crim. Proc. Ann.
 arts.
 11.21, 11.22 (Vernon 2005).  There is no proof in the record that the warrant actually issued or that Appellant has been arrested.